United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60754
Summary Calendar

_____

BARINE NAADUBON,

Petitioner,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL,

Respondent.

- - - - - - - - - - -
Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A76-417-139
- - - - - - - - - - -

Before JOLLY, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Barine Naadubon petitions for review of the Board

of Immigration Appeals's (the Board's) decision dismissing

his appeal from an immigration judge's (IJ's) decision to deny

his application for asylum, for withholding of deportation, and,

alternatively, for voluntary departure.  The Board summarily

affirmed the IJ's decision pursuant to 8 C.F.R. § 3.1(a)(7).

See Soadjede v. Ashcroft, 324 F.3d 830 (5th Cir. 2003).

_____

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The IJ found that Naadubon failed to file timely his application for asylum. This ruling, which Naadubon has not challenged, is not reviewable by a court. See 8 U.S.C. § 1158(a); Tsevegmid v. Ashcroft, 318 F.3d 1226, 1229-30 (10th Cir. 2003). Accordingly, as to the denial of the asylum application, the petition for review is dismissed for lack of jurisdiction.

Naadubon's petition for review of the denial of withholding of removal is denied because the Board's ruling is supported by substantial evidence. See Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 197 (5th Cir. 1996).

Naadubon has waived any challenge to the Board's denial of his application for voluntary departure, by failing to brief it. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The petition for review is DISMISSED IN PART and DENIED IN PART. Naadubon's request for the appointment of counsel is DENIED, because such appointment would conflict with this country's immigration policy. See Perez-Perez v. Hanberry, 781 F.2d 1477, 1480 (11th Cir. 1986).