**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 21 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VLADIMIR MEEROVICH
KARSAEV,

        Petitioner,

v.

JOHN ASHCROFT,

        Respondent.

No.  02-9570
(BIA No. A76 948 325)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Vladimir Meerovich Karsaev seeks review of a decision of the Board of Immigration Appeals (BIA) which summarily dismissed his appeal from an order of an immigration judge (IJ). The IJ denied Mr. Karsaev's application for asylum and withholding of removal, reasoning that the application for asylum was untimely and that Mr. Karsaev had failed to show a clear probability of persecution sufficient to meet the standard for withholding of removal. We lack jurisdiction to review the IJ's determination that the application for asylum was untimely. We must therefore dismiss the asylum claim. With respect to the withholding of removal claim, we affirm.

Mr. Karsaev was admitted to the United States from Belarus on or about July 8, 1994, as a nonimmigrant B1 visitor. He was authorized to remain in this country until October 9, 1994. He remained in the United States past this date without permission from the Immigration and Naturalization Service or its successor, the Department of Homeland Security. He concedes the charge of overstaying his visa.

Congress has imposed a one-year limitation period on the filing of applications for asylum. 8 U.S.C. § 1158(a)(2)(B). The one-year filing period commences either on the date of the alien's last arrival in the United States or on April 1, 1997, whichever is later. 8 C.F.R. § 208.4(a)(2)(ii). An asylum

application that is outside the one-year limitation period may, nevertheless, be considered if the alien shows changed circumstances. 8 U.S.C. § 1158(a)(2)(D).

Mr. Karsaev arrived in the United States in July 1994. He should therefore have filed his application for asylum on or before April 1, 1998. He did not file his application for asylum and withholding of removal until September 1, 1999. The IJ determined that Mr. Karsaev failed to show changed circumstances that would excuse his untimely filing.

Under the asylum statute, we lack jurisdiction to review the IJ's determinations (1) that Mr. Karsaev's asylum application was untimely and (2) that changed circumstances do not excuse his untimely filing. 8 U.S.C. § 1158(a)(3); *see Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234-35 (10th Cir. 2003). We therefore dismiss for lack of jurisdiction Mr. Karsaev's challenge to the denial of his application for asylum. [1]

Although we lack jurisdiction to review Mr. Karsaev's asylum claim, we must still consider the merits of his claim for withholding of removal. *Tsevegmid*, 336 F.3d at 1235. Since the BIA summarily affirmed the IJ's analysis, we review

---

[1]    Mr. Karsaev also contends that the IJ should have applied the Lautenberg Amendment to him and required a lower standard of proof in assessing his qualifications for refugee status in connection with his asylum claim. *See* Act of Nov. 21, 1989, Pub. L. No. 101-167, Title V § 599D(b), 103 Stat. 1261 (codified at 8 U.S.C. § 1157 note). Since his asylum claim was barred as untimely, however, we also lack jurisdiction to consider this issue.

the IJ's analysis as if it were the BIA's, treating his findings of fact as conclusive unless the record indicates that "any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quotations omitted). The applicant for withholding of removal bears the burden of showing "a clear probability of persecution attributable to race, religion, nationality, membership in a particular social group, or political opinion." *Id.* (quotation omitted).

The IJ determined that although Mr. Karsaev was born to a Jewish father and a Russian mother, he had effectively changed his official identification from Jewish to Russian, and did not practice the Jewish religion. There were some anti-Semitic incidents in his background. Many of these occurred before he changed his name. Some of the subsequent events he recounted either were not sufficiently tied to a protected ground to qualify as persecution or were investigated by the authorities. Moreover, he was given a sensitive assignment during his time in the military, casting doubt on any claim of official persecution during his military service. The IJ concluded that Mr. Karsaev had not shown that he would suffer persecution because of his Jewish nationality should he return to Belarus. Having reviewed the record, we cannot say that any reasonable adjudicator would be compelled to conclude to the contrary. We therefore affirm the BIA's decision summarily affirming the IJ's denial of withholding of removal.

The portions of Mr. Karsaev's petition seeking review of the BIA's denial of his asylum claim are DISMISSED for lack of jurisdiction. The remainder of the BIA's decision under review is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge