

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# Tjora v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4544

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Tjora v. Atty Gen USA" (2004). *2004 Decisions.* Paper 479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 02-4544
_____

MARTIN TJORA,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of The United States,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A78-71-597)
_____

Submitted Under Third Circuit LAR 34.1(a)
on December 19, 2003

Before: ROTH and McKEE, Circuit Judges
CUDAHY*, Circuit Judge

(Opinion filed:   July 21, 2004)

_____* Honorable Richard D. Cudahy, Circuit Court Judge for the Seventh Circuit,
sitting by designation.

OPINION

ROTH, Circuit Judge:

Martin Tjora seeks review of a December 9, 2002 decision of the Board of Immigration Appeals (BIA) affirming without opinion the decision of the Immigration Judge to deny his application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture (CAT).

Tjora, a citizen of Indonesia, was admitted to the United States on July 6, 1998, as a non-immigrant visitor authorized to remain until January 5, 1999. Having stayed beyond that time, on October 2, 2000, Tjora filed an application for asylum with the Immigration and Naturalization Service (INS) claiming past persecution and fear of such in the future because of his Chinese ethnicity and Christian religion.

Removal proceedings were commenced against Tjora on February 6, 2001. After conceding removability, Tjora applied for asylum, withholding of removal, protection under CAT and, in the alternative, voluntary departure. The INS then moved to pretermit Tjora's asylum application for failing to file it before the one year filing deadline. 8 U.S.C. § 1158(a)(2)(B). At Tjora's May 3, 2001, asylum hearing, the IJ found that a reasonable person would have sought the protection of the United States within a year of arrival and entered a decision pretermitting Tjora's application for asylum and, in

2

addition, denying his applications for withholding of removal and protection under CAT. However, in lieu of an order of removal, the IJ granted Tjora's request for voluntary departure.

Tjora then filed a timely notice of appeal with the BIA. On December 9, 2002, the BIA affirmed the IJ's decision without opinion. Tjora then filed a petition for review with this Court alleging (1) that the BIA's affirmance of the IJ's order without opinion under 8 C.F.R. § 3.1 (e)(4) violated his 14th amendment due process rights, (2) that exceptional circumstances or changed country conditions exist under 8 U.S.C. § 1158(a)(2)(B), excusing the late filing of his application for asylum, and (3) that the IJ should have granted his application for asylum as he had demonstrated a well-founded fear of future persecution on account of his race and religion under CAT.

We have jurisdiction to hear Tjora's petition for review pursuant to 8 U.S.C. § 1252. The agency's finding that an alien is ineligible for withholding of removal and protection under CAT is reviewed for substantial evidence. *See INS v. Elais-Zacarias*, 502 U.S. 478, 481 (1992). However, we lack jurisdiction to review the Attorney General's determination that an asylum application was not filed within one year of his arrival in the United States, as well as whether an alien satisfies one of the exceptions to the filing deadline. *See* INA § 208(a)(2)(B) and (a)(3), 8 U.S.C. § 1158(a)(2)(B) and (a)(3); *Tsevegmid v. Ashcroft*, 318 F.3d 1226, 1229-30 (10th Cir. 2003).

Tjora alleges that his due process rights were violated by the BIA's failure to issue

3

its own separate opinion in this case. However, "meaningful review of the [agency's] removability determination is not precluded by the brevity of the BIA's summary affirmance because an appellate court 'will continue to have the IJ's decision and the record upon which it is based available for review.'" *Mendoza v. United States Attorney General*, 327 F.3d 1283, 1289 (11th Cir. 2003).

Furthermore, Tjora alleges that the late filing of his application for asylum should have been excused due to exceptional circumstances or changed county conditions. INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). However, the INA provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of an asylum application. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Here, the IJ found that Tjora failed to file his asylum application within one year and that he did not satisfy any exceptions to the filing deadline. Because these determinations were made under § 208(a)(2), this court lacks jurisdiction to review them under 8 U.S.C. § 1158(a)(3).

Moreover, Tjora alleges that the IJ should have granted his application for asylum as he established a well-founded fear of future persecution on account of his race and religion under CAT. However, substantial evidence supports the IJ's determination that Tjora was ineligible for withholding of removal and protection under CAT.

For the foregoing reasons, we will deny the petition for review of the decision of the Board of Immigration Appeals.

4