# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

ERDENEBILEG TSEVEGMID,

      Petitioner,

v.

JOHN ASHCROFT, United States
Attorney General,

      Respondent.

No. 02-9525
Agency No. A76-916-000

## ORDER

Filed July 24, 2003

Before **KELLY**, **McKAY** and **MURPHY**, Circuit Judges.

The Court, in order to modify the opinion dated February 11, 2003, hereby recalls the mandate issued April 7, 2003. The Director of the United States Department of Justice, Office of Immigration Litigation, shall transmit the recalled mandate.

The Court hereby reissues an amended opinion, entered nunc pro tunc. A copy of the amended opinion, with footnote three of the previous opinion deleted, is attached to this order. The mandate is issued forthwith.

Entered for the Court
PATRICK FISHER, Clerk of Court

by: Steve Larson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ERDENEBILEG TSEVEGMID,

      Petitioner,

v.

JOHN ASHCROFT, United States
Attorney General,

      Respondent.

No. 02-9525

---

**APPEAL FROM THE BOARD OF IMMIGRATION APPEALS**
**PETITION FOR REVIEW**
**(No. A76-916-000)**

---

Submitted on the briefs:

Erdenebileg Tsevegmid, Pro Se.

Papu Sandhu, Senior Litigation Counsel, Blair T. O'Connor, Attorney, Office of Immigration
Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

Petitioner Erdenebileg Tsevegmid, a native and citizen of Mongolia, seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA), affirming the immigration judge's denial of Mr. Tsevegmid's requests for asylum and for withholding of removal. We dismiss the petition for review with respect to asylum and deny the petition with respect to withholding of removal.[1]

I.

Mr. Tsevegmid was admitted to the United States on February 10, 1998, as a nonimmigrant student attending the National American University in Denver, Colorado. On April 15, 1998, he withdrew from university classes, thereby violating his student status.

On February 16, 1999, the INS received Mr. Tsevegmid's application for asylum and withholding of removal.[2] His requests for relief relied on his highly-visible membership in the Mongolian United Movement, a human rights group. He asserted that he had been beaten by three or four young people and that the attack was attributable to his Mongolian United Movement activities. If he returned to Mongolia, he would again become active in the Mongolian United Movement and would be placed in a life-threatening situation.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]     Mr. Tsevegmid's wife and son entered the United States as nonimmigrant visitors authorized to remain until February 4, 1999, then overstayed their visas. Pursuant to 8 U.S.C. § 1158(b)(3)(A), a "spouse or child . . . of an alien who is granted asylum . . . may, if not otherwise eligible for asylum . . . be granted the same status as the alien if accompanying, or following to join, such alien." The wife and son's asylum request was encompassed within Mr. Tsevegmid's application.

The INS asylum office rejected the request as untimely. *See* 8 U.S.C. § 1158(a)(2)(B), (D) (requiring an asylum petitioner to file within one year of arrival in the United States, absent a showing of changed circumstances "which materially affect the applicant's eligibility for asylum" or extraordinary circumstances which would excuse a delay). Subsequently, the INS commenced removal proceedings against Mr. Tsevegmid, his wife, and son. Mr. Tsevegmid's application was referred to an immigration judge for a hearing. At this level, Mr. Tsevegmid admitted the factual allegations against him and conceded his removability. He argued entitlement to asylum and withholding of removal based on antagonism to his human-rights activities. He also described general economic conditions in Mongolia.

After a hearing held March 2, 2000, the immigration judge determined that Mr. Tsevegmid was not entitled to asylum. First, the judge found that Mr. Tsevegmid had failed to file within one year of arrival and had made no showing of extraordinary circumstances excusing the delay. Therefore, Mr. Tsevegmid's asylum claim was time-barred. Second, the judge found that Mr. Tsevegmid had failed to show a well-founded fear of persecution or, for purposes of withholding of removal, a clear probability of persecution. Accordingly, the immigration judge denied the application for asylum and request for withholding of removal. Mr. Tsevegmid was granted voluntary departure until May 1, 2000. The BIA summarily affirmed the immigration judge's decision, making that ruling decision the final agency determination.

Mr. Tsevegmid, proceeding pro se, filed a petition for review in this court and a request for a stay of deportation pending appeal. We entered an order temporarily staying the removal of Mr. Tsevegmid, until February 13, 2003. We now address Mr. Tsevegmid's appellate issues.

## II.

"An alien who fears persecution if deported has two possible means of relief: asylum and withholding of deportation." *Nazaraghaie v. INS*, 102 F.3d 460, 462 (10th Cir. 1996).[3] The asylum statutory provisions are codified in 8 U.S.C. § 1158; the withholding of removal provisions are in § 1231(b)(3). Although the two forms of relief serve comparable purposes and present similar factual issues, there are significant distinctions between them. *INS v. Aguirre-Aguirre*, 526 U.S. 415, 419 (1999). Asylum provides general relief, whereas withholding of removal applies only to a given country or countries. Asylum allows an alien to remain in the United States and apply for permanent resident status after one year, whereas withholding of removal does not. *Id.* Additionally, the standard of proof for withholding is higher than the standard of proof for asylum. An alien is not entitled to withholding without a showing that there is a clear probability of persecution due to his race, religion, nationality, membership in a particular social group, or political opinion. *INS v. Stevic*, 467 U.S. 407,

---

[3] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) amended the Immigration and Nationality Act's provisions for deportation (renamed "removal") and judicial review of orders of removal. Because petitioner's removal proceedings were commenced after the April 1, 1997, effective date of IIRIRA, this case is governed by IIRIRA's permanent rules. *See* IIRIRA § 309(a), Pub. L. No. 104-208, 110 Stat. 3009-625.

413, 430 (1984). This is more demanding than the "well-founded fear" standard applicable to an asylum claim. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 443-44 (1987). A final difference is that asylum is discretionary, while withholding of removal is mandatory upon proof of eligibility, with certain exceptions not applicable to this case. *Id.* at 443-44 & n.28. We turn first to our review of the asylum denial.

III.

This court generally has jurisdiction to review the denial of an asylum request. *See* 8 U.S.C. § 1252(a)(2)(B)(ii) (excepting asylum decision from provision divesting courts of jurisdiction to review denials of discretionary relief). However, our jurisdiction to review a BIA determination on the timeliness of an application for asylum is limited by statute. Section 1158(a)(3) expressly provides that the courts do not have "jurisdiction to review any determination" on whether the alien filed his application within a year of entry or whether "changed circumstances" exist "which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."

Our sister courts of appeals have uniformly reached literal interpretations of the statutory language and concluded that they lack jurisdiction to review a determination related to the timeliness of an asylum application. *See Fahim v. U.S. Att'y Gen*., 278 F.3d 1216, 1217-18 (11th Cir. 2002) (stating that court has no jurisdiction to review a determination on either the timeliness of an asylum request or whether an alien has established extraordinary circumstances to warrant waiver of time limit); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.

2001) (holding that § 1158(a)(3) precludes judicial review of a determination that an asylum application was untimely); *Ismailov v. Reno*, 263 F.3d 851, 855 (8th Cir. 2001) (stating that "[t]he meaning of § 1158(a)(3) is clear: Congress intended to bar judicial review of decisions made under § 1158(a)(2)"). *See also Van Dinh v. Reno,* 197 F.3d 427, 433 (10th Cir. 1999) (using § 1158(a)(3) as an example of language which serves to "preclude direct review by *any* court of certain discretionary decisions made by the Attorney General").

In the instant case, the immigration judge ruled that Mr. Tsevegmid did not file his asylum application within the applicable one-year deadline and did not show any circumstances excusing his tardiness. It is apparent that this court has no jurisdiction to review this ruling. We therefore do not address the substance of Mr. Tsevegmid's arguments concerning timeliness. As to the denial of the asylum application, we dismiss the petition for review for lack of jurisdiction pursuant to § 1158(a)(3).

IV.

Section 1158(a)(3), however, applies only to asylum requests and does not strip this court of its jurisdiction under § 1252(a) to review final orders of removal, such as a denial of withholding of removal. *See Fahim*, 278 F.3d at 1217-18 (acknowledging lack of jurisdiction to review the Attorney General's decision on the timeliness of an asylum request, then exercising jurisdiction under § 1252(a) to evaluate a petitioner's withholding claim); *Hakeem*, 273 F.3d at 815-16 (same). We must therefore consider the merits of Mr. Tsevegmid's petition for review concerning his request for withholding of removal.

Where, as here, the BIA summarily affirms or adopts an immigration judge's decision, this court reviews the judge's analysis as if it were the BIA's. *See, e.g., Li v. Ashcroft*, 312 F.3d 1094, 1099 (9th Cir. 2002); *Mousa v. INS*, 223 F.3d 425, 428 (7th Cir. 2000). The BIA's findings of fact are conclusive unless the record demonstrates that "'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Fahim,* 278 F.3d at 1218 (quoting 8 U.S.C. §§ 1252(b)(4)(A)-(B)).

To qualify for withholding of removal, an applicant has the burden of demonstrating "a clear probability of persecution" attributable to "race, religion, nationality, membership in a particular social group, or political opinion." *Krastev v. INS*, 292 F.3d 1268, 1271 (10th Cir. 2002). Here, the immigration judge found that Mr. Tsevegmid had not shown past persecution in that he had not linked the attack on his person to political motives. Furthermore, there was no probability of future persecution:

> [i]f [Mr. Tsevegmid] has no idea who this group was that might have attacked him, but if it was a group operating outside the government, he certainly has not shown the government is unwilling or unable to protect him, and it does not appear that it was the government itself.

R. at 55. Consequently, the immigration judge determined that Mr. Tsevegmid failed to meet the high standard for withholding of deportation.

After reviewing the briefs and the record, we cannot conclude that a reasonable adjudicator would be compelled to reject the immigration law judge's findings of facts. Accordingly, we deny the petition for review as to the denial of withholding of removal.

V.

The petition for review is DISMISSED IN PART AND DENIED IN PART. This court's temporary stay pending appeal is dissolved. Mr. Tsevegmid's motion for a stay of removal relating to his wife is DENIED and his motion for appointment of attorney is DENIED.