F I L E D
United States Court of Appeals
Tenth Circuit

JUL 14 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROMAN B. MATSKIV,

Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent.

No. 03-9552
(No. A78-344-034)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, Roman B. Matskiv, seeks review of respondent's [1] determination that he does not qualify for asylum. We dismiss the petition with respect to Mr. Matskiv's asylum claim and deny his petition with respect to his withholding of removal claim.

Mr. Matskiv is a citizen and native of Ukraine. He is Jewish. He arrived in the United States December 1998, as a visitor for pleasure with authorization to remain until June 1999. He failed to depart and a notice to appear issued in June 2000, charging him with removability. He conceded the factual allegations of removability, and requested asylum, withholding of removal, protection under the Convention Against Terror, and voluntary departure.

At the hearing before the immigration judge (IJ), Mr. Matskiv testified as to various incidents he had experienced allegedly because of his Jewish ethnicity, including that he was not allowed to compete internationally as a speed skater, although he was a Ukraine national champion; he was denied an apartment; and he was subjected to ethnic comments. He testified that when he refused to assist his boss, an active member of Rukh, an organization that supports anti-Semitism,

---

[1] "The INS ceased to exist on March 1, 2003, and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the newly formed Department of Homeland Security." Hang Kannha Yuk v. Ashcroft, 355 F.3d 1222, 1224 n.3 (10th Cir. 2004).

in an illegal business deal, he was threatened and a member of Rukh called him and told him not to show up at work again.

He and a friend then went into business together reselling food products they imported from Poland. Members of Rukh, including his former boss's nephew, told him to pay them $1000.00 a month in order to keep the business operating. Before he decided whether to make the payments, members of Rukh beat him, called him a Jew, and threatened to kidnap his child. Later, members of Rukh beat him again seriously enough to cause him to be hospitalized, they also told him to close his business and to leave Ukraine. Mr. Matskiv then sold his house, got a passport from a tourist agency in Russia, and came to the United States. After arriving in the United States, Mr. Matskiv learned that his friend and business partner had been killed.

Mr. Matskiv testified that no governmental authorities will stop Rukh and he is fearful that if he returns to Ukraine, he will be killed. He testified that if he were to move to another part of Ukraine he would have to get officially signed out of his current place of residence and officially signed into a new one, which would permit Rukh to find him at his new address.

The IJ determined that Mr. Matskiv's application for asylum was time-barred as it was filed outside the one-year period allowed and that no extraordinary circumstances excused the delay. The IJ also denied Mr. Matskiv's

application on the merits, noting that the documents Mr. Matskiv presented had not been certified and, thus, had no indicia of authenticity. The IJ concluded that only Mr. Matskiv's passport appeared authentic, as supported by the fact that it had been accepted by the United States Embassy. The IJ held that Mr. Matskiv's testimony was not credible as it was inconsistent and had shifted during the course of the hearing regarding how he had obtained the Russian passport and his manner of leaving Ukraine, thus defeating a finding that Mr. Matskiv had testified credibly. The IJ further noted that Mr. Matskiv had acknowledged that it was possible to move anywhere in Ukraine and he would be able to resettle. The IJ also relied on the State Department's Country Report which showed that (1) the situation for Jews has improved considerably in Ukraine as the Jewish religion is one of the three native religions recognized by the government; (2) the government protects the rights of the Jewish community, and in fact, condemns anti-Semitism; and (3) there has been a resurgence of Jewish religious and cultural institutions.

On appeal, Mr. Matskiv first argues that the Board of Immigration Appeals (BIA) improperly issued a decision without opinion by only one member of the board, thus violating his due process rights. This court has already resolved this issue adversely to him. In Hang Kannha Yuk, we held that "the summary

-4-

affirmance procedures [employed by the BIA] do not violate principles of administrative law or due process." 355 F.3d at 1232.

Mr. Matskiv also contends that the IJ erred in denying him asylum as (1) his documents were authentic and his Russian passport was not valid, (2) his testimony was credible, (3) he did not leave Ukraine and come to the United States for economic reasons, and (4) he cannot relocate to another area of Ukraine and have appropriate protection from the government. Mr. Matskiv argues that he established that he had been subjected to past persecution and had a well-founded fear of future persecution, and he established his eligibility for withholding of removal. Mr. Matskiv also asks that this court remand this case so that the BIA's order can be vacated and he can file a motion to amend his status based on the fact that his employer is filing an I-140 petition for him as an alien worker. Mr. Matskiv does not challenge the IJ's determination that he did not qualify for relief under the Convention Against Terror.

First, we must examine whether we have jurisdiction over this appeal. We generally have jurisdiction to review the agency's denial of a petition for asylum. See 8 U.S.C. § 1252(a)(2)(B)(ii). However, under § 1158(a)(3), we may not review the IJ's determinations (1) that Mr. Matskiv's asylum application was untimely and (2) that changed circumstances do not excuse his untimely filing. See Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003). We therefore

dismiss for lack of jurisdiction Mr. Matskiv's challenge to the IJ's denial of his application for asylum.

Although we lack jurisdiction to review Mr. Matskiv's asylum claim, we must still consider the merits of his claim for withholding of removal. Id. To establish eligibility for withholding of removal, Mr. Matskiv must show "a clear probability of persecution attributable to race, religion, nationality, membership in a particular social group, or political opinion." Id. (quotation omitted). He can meet this burden in one of two ways. First, he can demonstrate that he suffered past persecution in Ukraine based on any of the foregoing five factors, thus raising a presumption that his life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). Second, if he cannot show past persecution, he can establish that his life or freedom would be threatened in the future by demonstrating that it is more likely than not that he would be persecuted on account of a protected ground. Id. § 208.16(b)(2). If Mr. Matskiv establishes either of these two factors, the INS may rebut them by showing, by a preponderance of the evidence, either (1) a fundamental change in the circumstances in Ukraine so that Mr. Matskiv's life or freedom would no longer be threatened as a result of any of the factors, or (2) that it would be reasonable for Mr. Matskiv to relocate to another part of Ukraine and, thus, avoid future

threats.  Id. § 208.16(b)(1)(A), (B);  see also id. § 208.16(b)(3) (addressing reasonableness of internal relocation).

In reviewing this issue, "[w]e may not weigh the evidence, and we will not question the immigration judge's . . . credibility determinations as long as they are substantially reasonable."  Woldemeskel v. INS, 257 F.3d 1185, 1192 (10th Cir. 2001).  The IJ gave valid reasons for his decisions regarding the validity of Mr. Matskiv's documents.  He also explained why he found Mr. Matskiv to be less than fully credible in his testimony.  As the IJ's decisions were substantially reasonable, we may not reverse his determination as to the validity of Mr. Matskiv's documents,  his credibility, his reasons for leaving Ukraine, or that he can relocate to another area of Ukraine where he will have appropriate governmental protection.

Mr. Matskiv maintains that he established that he was persecuted by members of Rukh on account of his Jewish ethnicity.  Defining "persecution" is "a most elusive and imprecise task."  Balazoski v. INS, 932 F.2d 638, 641 (7th Cir. 1991).  It is, however, "an extreme concept that does not include every sort of treatment our society regards as offensive."  Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir. 1995)  (quotation omitted).  "Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world,

generally is not sufficient to permit the Attorney General to grant asylum . . . ." Singh v. INS , 134 F.3d 962, 967 (9th Cir. 1998). Rather, "persecution requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and requires more than just restrictions or threats to life and liberty." Hang Kannha Yuk , 355 F.3d at 1233 (quotations omitted). Accordingly, we have held that "acts of common criminality or personal hostility . . . do not implicate asylum eligibility." Vatulev v. Ashcroft , 354 F.3d 1207, 1209 (10th Cir. 2003) . Nor do threats alone generally constitute actual persecution. Hang Kannha Yuk , 355 F.3d at 1234. "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act." Ghaly , 58 F.3d at 1431.

Mr. Matskiv has not met the high standard for withholding of removal. Although he testified that he was threatened and beaten because of his Jewish ethnicity, Mr. Matskiv has failed to show that the actions of Rukh are condoned by the state or are the prevailing social norm. Ghaly , 58 F.3d at 1431. In fact, according to the country report reviewed by the IJ, the Ukrainian government actively protects the rights of the Jewish community.

As to Mr. Matskiv's final issue that we should remand this case for possible reopening by the BIA, we are unable to do so. See Ortiz v. INS , 179 F.3d 1148,

1152 (9th Cir. 1999) ("[W]hen an alien discovers new information after the BIA has finalized deportation proceedings, the proper procedure is for the alien to move the BIA to reopen proceedings, not to petition this court to compel the BIA to reopen.") (quotation omitted); 8 C.F.R. § 1003.2(c); see also Nguyen v. INS , 991 F.2d 621, 623 n.3 (10th Cir. 1993) (failure to raise issue to agency constitutes failure to exhaust administrative remedies and deprives this court of jurisdiction to address that issue).

Upon approval of his labor certification and approval by the Department of Homeland Security, Mr. Matskiv must file a properly supported motion to reopen. See 8 C.F.R. § 1003.2, but see, id. § 1252b(e)(2)(A) (alien who is granted voluntary departure and remains in the United States after his scheduled departure date is eligible for adjustment of status only upon showing of exceptional circumstances excusing his failure to depart).

The petition for review is DISMISSED IN PART and DENIED IN PART.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

-9-