**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 12 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AGNES MUTALE,

        Petitioner,

v.

JOHN ASHCROFT,

        Respondent.

No. 03-9573
(No. A76-908-343)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. The parties are familiar with the facts and we will not repeat them herein.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture. [1] We exercise jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Petitioner is a native and citizen of Uganda. She overstayed her visa to remain in the United States, and requested asylum on the basis of alleged persecution in her home country. She asserted that she had been married to a legal advisor for the opposition Ugandan Democratic Party, and that the government of Uganda had arrested and tortured her for political beliefs it imputed to her on the basis of her marriage. Petitioner's application for asylum was denied. Petitioner appealed, and was granted a hearing before an immigration judge (IJ) in January 2002. Petitioner, and Ivan Were, a member of the UDP who has been granted asylum in this country, were witnesses in that proceeding.

---

[1] The formal name of the Convention Against Torture is the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85. The United States became a party to the Convention Against Torture through the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105- 277, § 2242, 112 Stat. 2681 (1998). *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 n.8 (10th Cir. 2004) (citing *Batalova v. Ashcroft*, 355 F.3d 1246, 1248 n.2 (10th Cir. 2004)).

At the hearing, petitioner suffered from what her attorney described as a "nervous condition," and she had difficulty expressing herself in English. The IJ's questions to petitioner were translated into her native language of Luganda, and, when petitioner could not express her answers in English, the translator interpreted petitioner's answers from Luganda to English for her. The IJ found her testimony to be contradictory and vague about dates and events.

The IJ issued an oral decision denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture. He explained that petitioner had failed to carry both of two evidentiary burdens. R. at 68. First, petitioner had failed to carry the evidentiary burden to establish that she had a reasonable fear of political persecution if returned to her home country. Because petitioner had argued that her fear of political persecution rested on her marriage to a politically active dissident, the IJ held that she had to provide documentary evidence of who her husband had been in Uganda and that she had been married to him. Petitioner had not argued that such documentary evidence was unavailable, and according to the IJ, if petitioner's husband "really was a campaign manager or a chief legal officer for a political party, there would be plenty of evidence available to show it." *Id.*

Second, the IJ held that both petitioner and Ivan Were, a fellow Ugandan, were not credible as witnesses. *Id.* The IJ found "numerous discrepancies"

-3-

between petitioner's written statements and her oral testimony and found Were's testimony not to be credible because the daughter who reportedly told him that her father was missing was nearly an adult, and should have known more about the circumstances surrounding her father's disappearance. *Id.* at 69-70. Additionally, the Ugandan Democratic Party should have been able to find out what had happened to her father had her father been as high an official in the party as Were claimed. *Id.* The BIA summarily affirmed the IJ's decision without opinion.

In her petition for review, petitioner asserts that the BIA erred in denying her asylum and withholding of removal because (1) the BIA committed reversible error in rejecting evidence of petitioner's marriage and her husband's political activities because the evidence that petitioner submitted should have been enough to establish past persecution for purposes of asylum, withholding of removal, or protection under the Convention Against Torture; (2) the BIA erred in finding that petitioner was not a credible witness; (3) the BIA erred in relying on petitioner's failure to leave her home country immediately to support its finding that she was not credible; and (4) the BIA erred in failing to consider Were's testimony as relevant to petitioner's asylum claim.

When the BIA summarily affirms an IJ, we review the IJ's decision as if it were the BIA's. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). We do not weigh the evidence, nor do we evaluate the credibility of witnesses.

-4-

*Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004) (citing *Woldemeskel v. INS*, 257 F.3d 1185, 1189 (10th Cir. 2001)). In addition, the BIA's factual findings "are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Tsevegmid*, 336 F.3d at 1235 (quotation omitted). Although an IJ must give "specific, cogent reasons" for his decisions on credibility, *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004), a finding that a witness is not credible is a finding of fact. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

*Asylum*

Two steps are required for a grant of asylum: (1) the alien must establish that he or she is a refugee under 8 U.S.C. § 1101(a)(42), and (2) the Attorney General will then exercise his discretion to grant or deny asylum. *Rezai v. INS*, 62 F.3d 1286, 1289 (10th Cir. 1995). "To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Kapcia v. INS*, 944 F.2d 702, 706 (10th Cir. 1991) (quoting 8 U.S.C. § 1101(a)(42)). The Board's factual determination whether the alien is a refugee is reviewed for substantial evidence. *Nguyen v. INS*, 991 F.2d 621, 625 (10th Cir. 1993). The Attorney General's discretionary decision whether to grant asylum is

conclusive "unless manifestly contrary to law and an abuse of discretion."
8 U.S.C. § 1252(b)(4)(D). Questions of law are reviewed *de novo* . *Kapcia* ,
944 F.2d at 705. "The alien bears the burden of proof in the deportation
proceedings." *Id.* at 707. We are concerned here with the first step, whether
petitioner has established her status as a refugee, as defined by § 1101(a)(42).

We must uphold the Board's determination that petitioner is not eligible for
asylum if the record considered as a whole contains reasonable, substantial, and
probative evidence to support that determination. *INS v. Elias-Zacarias* , 502 U.S.
478, 481 (1992). Reversal is appropriate only where the evidence would compel a
reasonable fact finder "to conclude that the requisite fear of persecution existed."
*Id.* at 481 & n.1.

In this case, petitioner has not met her burden to establish that her fear of
persecution is well-founded. The IJ found as a matter of fact that neither
petitioner nor Were were credible witnesses, and neither witness supported his or
her testimony with documentation or objective pieces of evidence.

Here the IJ gave "specific, cogent reasons" for his determination of
credibility. *Sviridov* , 358 F.3d at 727.

Because we cannot weigh evidence, and we cannot evaluate the credibility
of witnesses, *Yuk*, 355 F.3d at 1233, we must conclude that the BIA's factual
findings on the credibility of these witnesses "are conclusive." Our review of the

record does not compel us to hold otherwise. *Tsevegmid* , 336 F.3d at 1235. The remainder of petitioner's arguments do not address this determinative issue. Petitioner bore the burden of proof in deportation proceedings, and she failed to establish a credible well-founded fear of persecution. *Kapcia* , 944 F.2d at 707.

*Withholding of deportation*

Title 8 U.S.C. § 1253(h) provides that an alien shall not be deported if his or her life or freedom would be threatened due to his or her "race, religion, nationality, membership in a particular social group, or political opinion." In this case, because petitioner did not establish the lower standard for asylum–a well-founded fear of persecution–she also failed to establish the higher standard for withholding deportation–a clear probability of persecution. *See Rezai* , 62 F.3d at 1289. We thus affirm the Board's decision to deny withholding of deportation.

*Convention Against Torture*

The Convention Against Torture (CAT) provides another basis to withhold removal. Pursuant to the CAT, an alien is entitled not to be removed to a country if he or she can show that it is more likely than not that he or she would be tortured if removed to that country. 8 C.F.R. § 208.16(c)(2), (4). A petitioner must show that the persecution at issue would be so severe as to rise to the level

of torture, but he or she need not show that the torture would be on account of a protected classification. *Elzour*, 378 F.3d at 1150. Because petitioner in this case has not credibly shown that she has established a well-founded fear of persecution if removed, she cannot meet the CAT's higher standard that she would be subject to torture.

*Conclusion*

Because we accept the agency's findings regarding the witnesses' credibility to be conclusive, 8 U.S.C. § 1252(b)(4)(B), we DENY the petition for review.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge