**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 22 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AUBIN SANGA,

      Petitioner,

v.

ALBERTO R. GONZALES, *

      Respondent.

No. 04-9527
(BIA No. A78-612-489)
(Petition for Review)

---

**ORDER AND JUDGMENT** **

---

Before **LUCERO** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*      On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Aubin Sanga petitions for review of the denial of withholding of (restriction on) removal under the Immigration and Nationality Act (INA) and the Convention Against Torture.  We have jurisdiction under 8 U.S.C. § 1252(a)(1),[1] and we deny the petition for review.

Petitioner is ethnic Bapanou and claims to be a citizen of the Republic of Congo.  He entered the United States illegally on January 7, 2000.  On January 11, 2001, he filed an application for asylum or, in the alternative, withholding of removal under the INA and the Convention Against Torture, based on persecution on account of his political opinion and membership in a particular social group.  He was noticed to appear on March 2, 2001, charged with being removable based on his illegal entry.  Petitioner conceded that he was subject to removal.

The IJ held that petitioner's asylum claim was untimely filed.  The IJ further held that even if the application had been timely, petitioner's claims of persecution and torture in the Congo were different in the three times he had told

---

[1]     Petitioner does not appeal from the denial of his application for asylum.  In any case, we have no jurisdiction to review the agency's determination that his asylum application was untimely filed and no exceptional circumstances existed to excuse the delay.  Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234-35 (10th Cir. 2003) (discussing 8 U.S.C. § 1158(a)(3)).

the story, and his testimony was therefore not credible. The IJ noted that there was a civil war in the Congo in 1997, after President Pascal Lissouba was replaced by a new regime. Petitioner claimed that his father was a successful businessman who supported President Lissouba. Petitioner claimed that he himself was arrested by government soldiers in October of 1997 and jailed for a week, being beaten and sexually assaulted while being threatened not to participate in political activity. The IJ noted that petitioner had not mentioned being arrested on his application for asylum or at his initial meeting with the asylum officer. Petitioner also claimed that later in October 1997, government soldiers came to his family's house. Petitioner said that his father was shot to death and his sister was raped, while petitioner hid in the bathroom with his mother. Petitioner said that he and his mother remained in the bathroom for about an hour after the noise stopped, and then they went out to see what had happened. After that event, petitioner said that his father's stores were burned down, and that petitioner, his mother, and his sister fled to Gabon. Petitioner lived there for a couple of years before arranging passage on a ship bound for the United States. He said that someone on the ship loaned him a navy uniform so that he could enter this country without inspection. His mother still lives in Gabon and his sister has died. A licensed clinical therapist testified on petitioner's behalf, stating that he suffers from post-traumatic stress disorder (PTSD). Petitioner

offered this testimony to show that he was too traumatized by what had happened to him to easily divulge the facts, and that was why his story kept changing.

The IJ noted that petitioner had told one story in his asylum application, a somewhat different story to the asylum officer, and a third story to the IJ. He rejected petitioner's explanation that he was too depressed to tell what had happened to him initially, because three years had passed between the alleged events of October 1997 and the January 2001 filing of his asylum application. He also noted the government's evidence–an affidavit from a licensed psychiatrist–stating that a diagnosis of PTSD should be made after a variety of tests, particularly when the person has something to gain from the diagnosis. The IJ asked petitioner's therapist whether he could be a malingerer or lying to get asylum, and she responded that a person could be lying but she tries to remain objective and make her determination of PTSD on all of the facts. (The record shows that petitioner's therapist made her diagnosis after an interview lasting an hour and a half. Admin. R. at 70.) The IJ found a discrepancy in that petitioner had referred to his sister as both younger (or little) and older, and did not accept petitioner's explanation that this was the result of a communication problem with his interpreter. Further, the IJ believed that remaining in hiding in the bathroom for an hour after shooting in his house stopped was not a logical human response. The IJ concluded that petitioner's allegations were manufactured, and denied all

-4-

relief except for voluntary departure. The government indicated at the hearing that it was not clear that petitioner was really from the Congo, and not Gabon, but the IJ appears to have accepted that petitioner was from the Congo.

The BIA dismissed petitioner's appeal. It held that petitioner's application for asylum was untimely. And after reviewing the IJ's decision in some detail, the BIA held that even if petitioner's application had been timely, the IJ gave specific, cogent reasons for finding that his testimony was not credible.

Because petitioner was noticed to appear after April 1, 1997, this appeal is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996). Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Petitioner argues on appeal that the IJ did not rely on substantial evidence to: (1) find him not credible; (2) deny him withholding of removal under the INA; and (3) deny him withholding of removal under the Convention Against Torture.

"The IJ's credibility determinations, like other findings of fact, are subject to the substantial evidence test." Elzour v. Ashcroft, 378 F.3d 1143, 1150 (10th Cir. 2004). "The [administrative] findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Estrada-Escobar v. Ashcroft, 376 F.3d 1042, 1046

(10th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)).  However, "we have held that in order to determine that an alien is not a credible witness, the IJ must give 'specific, cogent reasons' for disbelieving his or her testimony."  Elzour, 378 F.3d at 1150 (quoting Sviridov v. Ashcroft, 358 F.3d 722, 727 (10th Cir. 2004)).  "An IJ's adverse credibility determination may appropriately be based upon such factors as inconsistencies in the witness' testimony, lack of sufficient detail, or implausibility."  Id. at 1152.

In this case, the IJ gave specific, cogent reasons for disbelieving petitioner's claims of persecution and torture, in that his story changed in material respects in the three times he told it.  Petitioner has failed to show that any reasonable adjudicator would be compelled to accept his explanations for the inconsistencies in his story.  Therefore, we uphold the agency's adverse credibility determination, and, as a result, petitioner's claims for withholding of removal under the INA and the Convention Against Torture must fail.

The petition for review is denied.  Petitioner's motion to proceed on appeal in forma pauperis is granted.

Entered for the Court


Bobby R. Baldock
Circuit Judge


-6-