**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAUD AGUSTINUS SUTANTO,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General, [*]

Respondent.

No. 04-9501
(No. A79 469 893)
(Petition for Review)

---

**ORDER AND JUDGMENT** [**]

---

Before **TACHA** , Chief Judge, **HENRY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]    On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Daud Agustinus Sutanto, a native and citizen of Indonesia, appearing *pro se*, petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of his request for asylum and restriction on removal. We dismiss the petition for review for asylum for lack of jurisdiction, and we deny the petition for restriction on removal.

## Background

Because removal proceedings against petitioner commenced after April 1, 1997, this case is governed by the permanent rules of the Illegal Immigration and Immigrant Responsibility Act (IIRIRA). *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). Petitioner entered the United States on January 28, 2000, and overstayed his thirty-day transit visa. He filed an application for asylum on May 3, 2001, outside the one year time limit applicable to such requests. *See* 8 U.S.C. § 1158(a)(2)(B).

## Asylum

In his asylum application and interview, petitioner falsely stated that he had entered the United States on May 1, 2000, but when confronted with evidence that he had actually arrived on January 28, 2000, he admitted that he had arrived on that date and had falsified his arrival records. The IJ found that petitioner had failed to timely file his asylum application, that no extraordinary circumstances existed to excuse the late filing, and, therefore, that petitioner's application for

asylum was time-barred. Petitioner does not dispute that the application was untimely, but argues that he established changed circumstances and therefore falls within an exception to the statutory filing deadline.

Under 8 U.S.C. § 1158(a)(3), federal courts "do not have 'jurisdiction to review any determination' on whether the alien filed his application within a year of entry or whether 'changed circumstances' exist 'which materially affect the applicant's eligibility for asylum or extraordinary circumstances [exist] relating to the delay in filing an application.'" *Tsevegmid* , 336 F.3d at 1235 (quoting 8 U.S.C. § 1158(a)(3)). Therefore, we are precluded from exercising jurisdiction over petitioner's asylum claims.

Restriction on Removal

Asylum is not the only protection offered to applicants who claim some form of persecution in their homeland. Petitioner also applied for restriction on removal under 8 U.S.C. § 1231(b)(3), pursuant to which the Attorney General may not remove an alien if the alien is able to establish "a clear probability of persecution" in the country to which he would be returned. *Tsevegmid* , 336 F.3d at 1234. [1] The IJ considered and rejected petitioner's restriction on removal

---

[1]     Restriction on removal was referred to as "withholding of removal" before amendments to the Immigration and Nationality Act made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009. Although both parties and the IJ refer to

(continued...)

claims on the merits, and the BIA summarily affirmed. Section 1158(a)(3) does not strip this court of its jurisdiction to review the IJ's decision on petitioner's request for restriction on removal. *Id*. at 1235.

A claim for restriction on removal requires a more demanding standard of proof than asylum claims: asylum requires proof of a "well-founded fear" of persecution whereas restriction requires proof that persecution is "more likely than not." *Elzour v. Ashcroft*, 378 F.3d 1143, 1149 (10th Cir. 2004). Petitioner can meet this burden in one of two ways. First, he can demonstrate that he suffered past persecution in Indonesia, thus raising a presumption that his life or freedom would be threatened in the future. 8 C.F.R. § 208.16(b)(1). Second, if he cannot show past persecution, he can establish that his life or freedom would be threatened in the future by demonstrating that it is more likely than not that he would be persecuted on account of a protected ground. *Id*. § 208.16(b)(2).

Petitioner is Christian, which puts him in the religious minority in Indonesia. The IJ found that petitioner is Javanese, which is the ethnic majority in Indonesia, and that petitioner is therefore not subject to persecution based on his appearance. The IJ relied on the State Department's report, which indicated that there are as many as twenty million Christians in Indonesia–about ten percent

---

[1](...continued)
withholding of removal, we will use the term "restriction on removal" because this claim was filed after IIRIRA's effective date.

of the population. Although the IJ noted that there is religious hatred and violence in Indonesia, the sheer number of Indonesian Christians prevented the IJ from concluding that the whole group would be entitled to asylum. Further, petitioner's testimony showed that his individual experience of anti-Christian hostility was minor and isolated, and, therefore, he had not demonstrated an individualized fear of past persecution. The IJ found that petitioner had also failed to demonstrate a well-founded fear of future persecution, and noted that petitioner could live in a city that is predominantly Christian to avoid Muslim violence. The IJ therefore concluded that petitioner was not entitled to restriction on removal.

"Where . . . the BIA summarily affirms or adopts an immigration judge's decision, this court reviews the [IJ's] analysis as if it were the BIA's." *Tsevegmid*, 336 F.3d at 1235. We do not weigh the evidence, nor do we evaluate the credibility of witnesses. *Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004). "The [IJ's] findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" *Tsevegmid*, 336 F.3d at 1235 (citations omitted).

Petitioner makes only generalized arguments that he fears persecution if he returns to Indonesia. He testified that his church was vandalized in 1992, that he was hit by a rock thrown by a Muslim in 1996, and that he suffered a cut from

broken glass during the Indonesian riots in May 1998. We agree with the IJ that the facts presented by petitioner are insufficient to rise to the level of persecution, and do not meet the high standard required for a restriction on removal. "Mere generalized lawlessness and violence between diverse populations, of the sort which abounds in numerous countries and inflicts misery upon millions of innocent people daily around the world, generally is not sufficient to permit the Attorney General to grant asylum. . . ." *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998). "Discrimination on the basis of race or religion, as morally reprehensible as it may be, does not ordinarily amount to 'persecution' within the meaning of the Act." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995). We agree with the IJ's finding that petitioner is ineligible for restriction on removal.

The petition for review is DISMISSED IN PART and DENIED IN PART. The mandate shall issue forthwith.

Entered for the Court


Deanell Reece Tacha
Chief Judge