**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DANIEL ROBY SILALAHI,

        Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

        Respondent.

No. 07-9567
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

Daniel Silalahi, a Christian native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' (BIA) decision to affirm the

immigration judge's (IJ) denial of asylum, restriction on removal,[1] and relief

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although the parties and the agency refer to "withholding of removal," this language was changed to "restriction on removal" with the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996. We use

(continued...)

under the Convention Against Torture (CAT).[2]  We have jurisdiction to consider the petition under 8 U.S.C. § 1252(a).  The BIA issued its own brief single-member order, so its decision is the final agency decision that we review, although "we are not precluded from consulting the IJ's more complete explanation" of the BIA's grounds for denying relief.  *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  Because we do not have jurisdiction to review the agency's denial of asylum in this case and because Mr. Silalahi has failed to show that it would be unreasonable for him to relocate within Indonesia to avoid persecution, we dismiss the petition in part and deny it in part.

Mr. Silalahi arrived in the United States in July 1999.  He filed for asylum in April 2004, well beyond the statutory one-year limit for asylum applications.  *See* 8 U.S.C. § 1158(a)(2)(B).  The IJ found no changed circumstances in Indonesia or extraordinary circumstances related to the delay in filing, *see id.* § 1158(a)(2)(D), and denied the application as untimely.  The BIA agreed.  This court generally lacks jurisdiction to review an asylum claim denied as untimely.  *See id.* § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006); *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003).  Mr. Silalahi does

[1](...continued)
the statutory term "restriction on removal."  *See Ismaiel v. Mukasey*, 516 F.3d 1198, 1200 n.2 (10th Cir. 2008).

[2]     Mr. Silalahi mentions his CAT claim in passing, but does not present any argument regarding that claim.  Thus, the issue is waived.  *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

not set forth any constitutional claims or questions of law that this court otherwise would have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D); *Ferry*, 457 F.3d at 1130. Accordingly, this court does not have jurisdiction to review the denial of asylum, and this portion of the petition is dismissed for lack of jurisdiction.

We do retain jurisdiction to review the denial of restriction on removal. *See Tsevegmid*, 336 F.3d at 1235. For such relief, Mr. Silalahi must show that his "life or freedom would be threatened" in Indonesia because of his Christian religion. 8 U.S.C. § 1231(b)(3)(A). He can satisfy this standard by showing that he experienced past persecution or that "it is more likely than not" that he would be persecuted in the future. 8 C.F.R. §§ 1208.16(b)(1), (b)(2). Even assuming that the standard is satisfied, however, relief is not available if the agency determines that he "could avoid a future threat to his . . . life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect [him] to do so." *Id.* §§ 1208.16(b)(1)(i)(B), (b)(2).

The BIA's determination that Mr. Silalahi had not suffered past persecution is supported by substantial evidence. Mr. Silalahi, who was thirty-one years old at the time of the hearing, testified that his family is Christian and that he grew up in Jakarta. He went to a public school where ninety percent of the students were Muslim and his family lived in a predominantly Muslim neighborhood. He and

his family were harassed when they went to school and to church, and people threw rocks and screamed and yelled in front of the church on Christian holidays such as Christmas. He was taunted at school with comments like "Christians eat pork, unclean pork" and threats towards Christians were scribbled on bathroom walls. Admin. R. at 126. In 1994, he and a friend, carrying Bibles on their way back from church, were attacked by a group of people who kicked them, and he had to run away. In the 1998 riots, his church was burned, but the congregation repaired it.

This court has held that persecution "requires more than just restrictions or threats to life and liberty." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quotation omitted). "We cannot conclude that every reasonable fact-finder would be compelled to find persecution" based on the incidents described by Mr. Silalahi, and therefore the agency did not err in finding no past persecution. *Id.* at 1281; *see also Sidabutar v. Gonzales*, 503 F.3d 1116, 1124 (10th Cir. 2007) (holding that Indonesian Christian petitioner's experiences of being beaten by classmates and being confronted on the street with a demand for money, allegedly by Muslims because they knew he was a Christian, did not establish past persecution); *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003) ("Threats alone generally do not constitute actual persecution . . . .").

Because Mr. Silalahi did not establish that he experienced past persecution, and because the alleged future persecution would be by Muslims and not by the

Indonesian government or a government-sponsored group, it is his burden to establish that relocation would be unreasonable. 8 C.F.R. §§ 1208.16(b)(3)(i). The BIA found that Mr. Silalahi did not meet his burden. Our review of the record does not compel us to conclude otherwise. The State Department report in the administrative record indicates that Christians predominate and Muslims are a minority in certain parts of Indonesia. Mr. Silalahi has not shown why he cannot relocate to those areas. On appeal, he argues only that "it would not be reasonable for him to relocate internally within Indonesia because he testified that he is afraid to return to Indonesia, meaning all parts of Indonesia and that he really did not want to go back to Indonesia." Aplt. Br. at 18. While the court understands that Mr. Silalahi does not wish to return to Indonesia, his wishes do not make internal relocation unreasonable. The agency did not err in denying restriction on removal, and accordingly this portion of the petition is denied.

The petition for review is DISMISSED in part and DENIED in part.

Entered for the Court

Monroe G. McKay
Circuit Judge