**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 7, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROLLY SUMUAL,

        Petitioner,

v.

MICHAEL B. MUKASEY,
United States Attorney General,

        Respondent.

No. 07-9587
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

---

Rolly Sumual, a Christian native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' (BIA) decision affirming the

immigration judge's (IJ) denial of asylum, restriction on removal, and relief under

the Convention Against Torture (CAT). We have jurisdiction to consider the

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition under 8 U.S.C. § 1252(a). Because the BIA issued its own brief single-member order,[1] its decision is the final agency decision that we review, although "we are not precluded from consulting the IJ's more complete explanation" of the BIA's grounds for denying relief. *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

Mr. Sumual arrived in the United States in July 2001. He filed for asylum in August 2004, well after the statutory one-year limit for asylum applications. *See* 8 U.S.C. § 1158(a)(2)(B). The BIA agreed with the IJ that there were no changed circumstances in Indonesia or extraordinary circumstances related to the delay in filing, *see id.* § 1158(a)(2)(D), and affirmed the denial of the application as untimely. This court generally lacks jurisdiction to review an asylum claim denied for being untimely. *See id.* § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006). Mr. Sumual does not present any constitutional claims or questions of law that this court otherwise would have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D); *Ferry*, 457 F.3d at 1130. Accordingly, this court does not have jurisdiction to review the denial of asylum, and this portion of the petition is dismissed for lack of jurisdiction.

---

[1]     Mr. Sumual argues that the BIA's affirmance without opinion violates due process. We have rejected this argument, *see Yuk v. Ashcroft*, 355 F.3d 1222, 1229 (10th Cir. 2004), but in any event it is factually incorrect. The BIA did not affirm without opinion; it issued its own brief single-member order pursuant to 8 C.F.R. § 1003.1(e)(5).

We do retain jurisdiction to review the denial of restriction on removal. *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003).[2] We review the BIA's decision for substantial evidence, meaning "that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole. Agency findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (citation and quotations omitted). Mr. Sumual must show that his "life or freedom would be threatened" in Indonesia because of his Christian religion.[3] 8 U.S.C. § 1231(b)(3)(A). He can satisfy this standard by showing that he experienced "past persecution" or that "it is more likely than not" that he would be persecuted in the future. 8 C.F.R. § 1208.16(b)(1)-(2); *Sidabutar*, 503 F.3d at 1123-24.

Mr. Sumual primarily relied on three events to support his application: a 2000 incident in which he was beaten and injured after a group of people stopped a bus on which he was riding and, upon checking his identification, refused to let

---

[2]    Mr. Sumual mentions his CAT claim in passing, but does not present any argument regarding that claim. Thus, the issue is waived. *See Becker v. Kroll*, 494 F.3d 904, 913 n.6 (10th Cir. 2007).

[3]    Mr. Sumual argues that the IJ improperly found him incredible and rejected his claim of being a Christian. This is incorrect. Neither the BIA nor the IJ decided that Mr. Sumual is not a Christian or otherwise indicated doubt about this aspect of his petition.

him reboard; an April 2001 incident during a family outing in which a group of people carrying pipes and a sword beat on his car at a red light; and a June 2001 incident in which a group of people stopped his car, asked if he and his family were Christians, then surrounded the car and began hitting it. But persecution "requires more than just restrictions or threats to life and liberty." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quotation omitted). It is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (quotation omitted). "We cannot conclude that every reasonable fact-finder would be compelled to find persecution" based on the incidents described by Mr. Sumual, and therefore we will not disturb the agency's decision. *Tulengkey*, 425 F.3d at 1281; *see also Sidabutar*, 503 F.3d at 1124 (holding that Indonesian Christian petitioner's experiences of being beaten by classmates and being confronted on the street with a demand for money, allegedly by Muslims because they knew he was a Christian, did not rise to the level of past persecution).

As for his claims of future persecution, Mr. Sumual fails to show a clear probability of persecution. He argues that there is a "pattern or practice" of persecuting Christians in Indonesia. *See* 8 C.F.R. § 1208.16(b)(2)(i)-(ii). A pattern or practice of persecution entails "something on the order of organized or systematic or pervasive persecution." *Woldemeskel v. INS*, 257 F.3d 1185, 1191 (10th Cir. 2001) (quotation omitted). The record confirms that acts of violence

and discrimination are directed at Christians in Indonesia, but it also shows that the government has not abandoned its efforts to stop the violence.[4] The record simply does not support the conclusion that Indonesian Christians suffer organized, systematic, or pervasive persecution. Substantial evidence supports the BIA's conclusion that Mr. Sumual failed to establish that he faces a clear probability of persecution in Indonesia. *See also Sidabutar*, 503 F.3d at 1125.

Mr. Sumual's implied request to supplement the administrative record with the documents attached to his opening brief is DENIED. The petition for review is DISMISSED in part and DENIED in part.

Entered for the Court


Michael R. Murphy
Circuit Judge

---

[4] Mr. Sumual's opening brief attaches several articles documenting anti-Christian activities in Indonesia in 2006 and 2007. Our review is confined to the record before the BIA. *See* 8 U.S.C. § 1252(b)(4)(A). We have not considered any documents presented on appeal that were not included in the administrative record.