**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HAMAYAK ISAJANYAN,

  Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General, [*]

  Respondent.

No. 04-9513
(BIA No. A78-588-309)
(Petition for Review)

---

**ORDER AND JUDGMENT** [**]

---

Before **TACHA** , Chief Judge,  **HENRY** , and **O'BRIEN** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

[**]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Hamayak Isajanyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his application for asylum, restriction on removal [1] and relief under the Convention Against Torture. We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a), and we deny it. [2]

Petitioner entered the United States in 2000 with the passport and visa of another. The INS commenced removal proceedings under 8 U.S.C. § 1227(a)(1)(A) on the ground that petitioner was an alien inadmissible at the time of entry because he lacked a valid visa or other entry document as required by law. Petitioner conceded removability, but alleged that he should be granted asylum, restriction on removal, and relief under the Convention Against Torture due to past persecution and a well-founded fear of future persecution based on his religion and political affiliation.

---

[1] Before the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, "restriction on removal" was known as "withholding of removal." *Elzour v. Ashcroft*, 378 F.3d 1143, 1148 n.5 (10th Cir. 2004). We refer to the new statutory "restriction on removal" terminology in this order and judgment. *See* 8 U.S.C. § 1231(b)(3).

[2] On March 1, 2003, the Immigration and Naturalization Service (INS) ceased to exist. Its responsibilities were divided among three agencies within the new Department of Homeland Security. Because the INS commenced the relevant deportation proceedings, we refer to the relevant government agency as the INS. *Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1160 n.1 (10th Cir. 2004).

According to petitioner, his mother is Jewish. He, however, was baptized a Christian and is a member of the Armenian Orthodox Church. He and his parents were involved in anti-Communist activities. In 1973, his father was arrested and sentenced to three years in prison for his involvement with the Dashnak party, which advocated an independent Armenia. In 1992, his mother was arrested because her print shop published materials critical of the Armenian president. She was detained for two months and released after his father paid police a 2000-ruble bribe. Petitioner was arrested in 1984 and detained for one week for distribution of fliers considered by the government to be restricted material because they advocated independence from the Soviet Union. According to petitioner, he was beaten during his detention. He was released after his parents paid police a fine of 500 rubles.

In Armenia, petitioner had owned and operated a mechanic shop since 1987. He claims the police constantly harassed him for money and threatened him with beatings and reopening of his 1984 case and the reopening of his parents' cases if he did not pay the police bribes. Along with the requests for money and threats, the police called him a Jew and told him to go back to his own country. The worst thing that happened to him was in 1998 when the police broke his hand after refusing to pay for the repairs to two cars.

After he left Armenia, the police took over his business and on several occasions came to his home to inquire about him. His wife, children and parents eventually moved to a small village to hide. He fears that if he returns to Armenia, he and his parents will be brought to trial and sentenced.

The BIA affirmed the IJ's decision that petitioner failed to show past persecution or a reasonable likelihood of future persecution due to protected grounds and that petitioner failed to show entitlement to restriction on removal or that he would be tortured. The BIA decided petitioner's 1984 detention was for political activity, but the harm did not rise to the level of persecution. Also, the BIA decided that the actions by police at petitioner's mechanic shop were extortionist, and were made in part on account of his ethnicity and past political opinion, but the actions were discrimination and harassment, not persecution. Even though the BIA decided there was a likelihood of continuing harassment by police, it concluded petitioner had no basis to fear future persecution. [3]

Petitioner first argues that the IJ incorrectly deemed him not credible. The IJ questioned petitioner's credibility because his asylum application, prepared by another, did not list his mistreatment by police. Nonetheless, both the IJ and the

---

[3]    We note that neither party has complied with 10th Cir. R. 28(A)(1) and (B), which requires an appellant to include a copy of the BIA's decision with his brief and, in the event he fails to do so, the appellee must include the decision. We remind both parties of their duty to follow this court's rules.

BIA considered all of petitioner's allegations, and the BIA did not mention credibility at all. R. at 2-3, 48; *cf. Krastev v. INS*, 292 F.3d 1268, 1279 (10th Cir. 2002) ("If the [IJ or BIA] finds that an alien's testimony lacks credibility and that the testimony would not support a claim for asylum or withholding even if it were credible then these conclusions should be stated in the alternative.") (quotation omitted). Thus, the IJ's credibility findings did not affect the outcome of this case.

Petitioner next argues that the BIA erred in denying his application for asylum, because he has suffered past persecution and has a well-founded fear of future persecution if he returns to Armenia. To be eligible for asylum, an alien must establish that he is a refugee. *Wiransane v. Ashcroft*, 366 F.3d 889, 893 (10th Cir. 2004). A refugee is a person unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). As is relevant here, petitioner can establish refugee status by showing he has a well-founded fear of future persecution or has suffered past persecution that gives rise to a rebuttable presumption of a well-founded fear of future persecution. *Wiransane*, 366 F.3d at 893 (recognizing

that alien also can show refugee status by showing severe past persecution giving alien compelling reasons for being unwilling or unable to return to his country). [4]

"[A] finding of persecution requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Id.* (quotations omitted). The offensive treatment must be extreme. *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998). More than mere harassment is required. *Tamas-Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir. 2000). "[A]cts of common criminality or personal hostility . . . do not implicate asylum eligibility." *See Vatulev v. Ashcroft*, 354 F.3d 1207, 1209 (10th Cir. 2003).

The BIA determined that petitioner suffered from discrimination and harassment, but not persecution. We review this determination under the substantial evidence standard, treating the administrative fact findings as conclusive unless the record shows a reasonable fact-finder would be compelled to conclude to the contrary. *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004) (citing, *e.g.*, 8 U.S.C. § 1252(b)(4)(B)).

---

[4] Because petitioner cannot show that he is eligible for asylum, we need not consider the second step in the asylum equation, concerning the Attorney General's discretion to grant relief under 8 U.S.C. § 1158(b). *See Batalova v. Ashcroft*, 355 F.3d 1246, 1254 (10th Cir. 2004).

Substantial evidence supports the BIA's decision that the mistreatment petitioner experienced was insufficient to rise to the level of persecution. Petitioner was detained only once over twenty years ago when Armenia was a communist country. Armenia gained its independence in 1991. The more recent incidents of extortion and harassment do not rise to the level of persecution. We have no doubt that petitioner suffered economic harm and personal humiliation, but this was in the nature of discrimination. *Cf. Korablina*, 158 F.3d at 1044 (holding discrimination based on religion usually is not persecution unless there are cumulative, specific instances of violence and harassment). Thus, the record does not compel a finding of past persecution.

Nor does the record compel a finding that petitioner has a well-founded fear of future persecution. Although he may experience discrimination and harassment upon returning to Armenia, as indicated above, that alone will not establish a well-founded fear of persecution. Although the human rights conditions in Armenia are not exemplary, the reports in the record do not indicate abuses rising to the level of persecution would be directed at petitioner.

Because petitioner has failed to establish that he is eligible for asylum, it follows that he is unable to meet the more demanding evidentiary burden required for restriction on removal. *See Elzour*, 378 F.3d at 1149; *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234, 1236 (10th Cir. 2003). Also, substantial evidence supports

the denial of relief under the Convention Against Torture. *See Sviridov*, 358 F.3d at 729-30.

The petition for review is DENIED.

Entered for the Court


Robert H. Henry
Circuit Judge