**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 12 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

LUKITO TANDYAWASESA;
YACOB AUGUSTINUS,

  Petitioners,

v.

ALBERTO R. GONZALES, Attorney
General, *

  Respondent.

No.  04-9509
(Nos. A95 216 005
& 95 216 006)
(Petition for Review)

---

**ORDER AND JUDGMENT** **

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*  On February 4, 2005, Alberto R. Gonzales became the United States
Attorney General.  In accordance with Rule 43(c)(2) of the Federal Rules of
Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the
Respondent in this action.

**  This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Lukito Tandyawasesa and his son, Yacob Augustinus, citizens of Indonesia, petition for review of a final order of removal issued in December 2003. The Board of Immigration Appeals (BIA) dismissed their appeal from an Immigration Judge's (IJ) decision denying their applications for asylum and for withholding of removal under the INA and the Convention Against Torture. *See* 8 U.S.C. § 1158(b) (conditions for granting asylum); 8 U.S.C. § 1231(b)(3) (withholding of removal); 8 C.F.R. § 208.16(c)(2) (withholding of removal under Convention Against Torture). Our jurisdiction arises under 8 U.S.C. § 1252(a)(1) (authority to review final orders of removal), and 8 U.S.C. § 1252(a)(2)(B)(ii) (permitting review of decision on asylum claims).

I.

A notice to appear was filed in January 2002, thus this petition for review is governed by the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act. *See* 8 C.F.R. § 1239.1(a); *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234 n.3 (10th Cir. 2003). The IJ conducted hearings in July 2002. Petitioners admitted that they had legally entered the United States in November 2000, but illegally remained here past their departure date of July 15, 2001. They conceded their removability. R. at 47. But petitioners argued that

they should be allowed to remain in the United States, testifying that they feared being persecuted on account of their Chinese ethnicity and Christian religious affiliation if they returned to Indonesia. The IJ denied their applications. In December 2003, the BIA adopted the decision of the IJ, indicating that "the Board's conclusions upon review of the record coincide with those of the Immigration Judge articulated in his or her decision." R. at 2 (internal quotation marks omitted). The BIA affirmed the IJ's determination that petitioners had failed to carry their burden of proof to demonstrate refugee status as defined in 8 U.S.C. § 1101(a)(42)(A) by establishing either past persecution or a well-founded fear of future persecution on account of a protected ground if they are returned. *See id.* ; *and see* §1158(b)(1) (asylum may be granted to alien only if Attorney General first determines that alien is a refugee within the meaning of § 1101(a)(42)(A)). The BIA's order, which includes the IJ's decision, is the final order that we review on appeal. *See* 8 C.F.R. § 3.1(e)(5) (2003) (providing that single Board member may issue brief order affirming the IJ's decision); *Batalova v. Ashcroft* , 355 F.3d 1246, 1253 n.8 (10th Cir. 2004) (noting that we "directly review" an IJ's decision that has been adopted by a single Board member in his order affirming the IJ's decision).

II.

In support of his claim that he and his son are refugees eligible for asylum, Mr. Tandyawasesa claimed that his business was burned and looted in 1998 during some riots and that his son was pushed off his motorbike and injured by non-Chinese Indonesians in May 1998 because of their ethnicity. He claimed that he was hit and threatened by Indonesian Muslims in 1995 because he was evangelizing, and that Muslims bombed the church his family attended on Christmas Day, 2000. But he testified that he and his son stayed in Indonesia, living off of savings, until November 2000. He testified that his wife told him that she had been robbed in May 2003 because she is Chinese, and that he had been unable to obtain visas for her and his daughters.

The IJ found petitioners' claimed fear of persecution not to be credible for several reasons. The IJ noted that Mr. Tandyawasesa left his wife and daughters in Indonesia, where they still reside and work, and, except for the robbery incident, that there is no claim that they are being persecuted for their ethnicity. The IJ stated that a person who was genuinely concerned about safety "would have gotten [his family] on the plane immediately or soon thereafter, after the riots" instead of waiting for a year and a half. *See id.* at 56. The IJ stated that the pictures Mr. Tandyawasesa submitted in support of his claim that his business had been looted and burned in 1998 looked "like an empty warehouse, . . . not . . . like

-4-

a business . . . that was destroyed by anybody." *Id.* at 55. Further, the IJ concluded from their activities that petitioners came to the United States solely for "purposes of working." *Id.* at 57.

Mr. Tandyawasesa's brother is a pastor in Jakarta and his sister is a doctor in another Indonesian city. The IJ held that petitioners had not demonstrated that they would have the same fear of persecution if they moved to another area in Indonesia. And he noted that the President of Indonesia had accomplished a change in country circumstances since 1998 by trying to protect the Chinese, involving the Chinese in legislative procedures and practices, and permitting all Indonesians to practice their religions, celebrate their holidays, and speak their languages. *Id.*

III.

Petitioners challenge only the denial of their application for asylum in their brief-in-chief, arguing that the IJ erred in finding that petitioners lacked credibility and in finding that they came to the United States for economic reasons, and that the decision denying asylum is not supported by substantial evidence. We review the BIA's findings and conclusions, which include those made in the adopted IJ's decision, for substantial evidence. *See Batalova*, 355 F.3d at 1254.

> Because the IJ determined that petitioners failed to establish refugee status, we need only review that initial question. We review that

decision to determine whether the record on the whole provides substantial support for that determination or, rather, is so decisively to the contrary that a reasonable factfinder would have concluded petitioners are refugees.

*Id.* (quotation marks and brackets omitted).  But we do not "weigh the evidence or . . . evaluate the witnesses' credibility."  *Woldemeskel v. INS*, 257 F.3d 1185, 1189 (10th Cir. 2001) (quotation marks omitted).  Under the permanent rules, "administrative findings of fact are conclusive unless [the record demonstrates that] any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B);  *see also Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004).  The credibility findings must be upheld if they are "substantially reasonable" and the IJ has given "specific, cogent reasons for disbelieving" the alien's testimony.  *Sviridov*, 358 F.3d at 727.

Applying these standards, we conclude that the petition for review must be denied.  The administrative findings are supported in the record and the IJ gave cogent reasons for disbelieving petitioners' claims of fear of persecution, thus his credibility findings were not substantially unreasonable.  We cannot say that the IJ's conclusion that petitioners failed to qualify as refugees is "contrary to what a

reasonable factfinder would have been compelled to conclude." *Batalova*, 355 F.3d at 1255 (quotation marks omitted).

The petition for review is **DENIED**.

Entered for the Court


Michael R. Murphy
Circuit Judge