**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 28, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

QINGFENG NI,

      Petitioner,

v.

ALBERTO R. GONZALES,   *

      Respondent.

No. 04-9589
(A96 056 531)
(Petition for Review)

---

**ORDER AND JUDGMENT**   **

---

Before **SEYMOUR, KELLY, and MURPHY**   Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's denial of his application for asylum and restriction on removal. [1] We exercise jurisdiction pursuant to 8 U.S.C. §1252(a) and we deny the petition for review.

Petitioner, QingFeng Ni, is a citizen of the People's Republic of China who entered the United States under false pretenses on September 29, 2001. He subsequently applied for asylum and restriction on removal citing past persecution and a fear of future persecution on account of his practice of Falun Gong, practitioners of which have been routinely persecuted by the Chinese government. Petitioner contends that while practicing Falun Gong in China, he was arrested, sent to a detention center, and interrogated numerous times by the Chinese authorities. He claims that he was starved and beaten repeatedly during his detention and that he required hospitalization upon his release. The asylum officer who reviewed petitioner's application did not believe his story, in part because petitioner was unable to clarify the timeline of events concerning his arrest, interrogations, and hospital stay. The asylum officer found petitioner ineligible for asylum and referred his application to an immigration judge (IJ).

---

[1] Prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, restriction on removal was called "withholding of removal." *Elzour v. Ashcroft*, 378 F.3d 1143, 1148 n.5 (10th Cir. 2004). We refer to the new statutory "restriction on removal" terminology in this order and judgment. *See* 8 U.S.C. § 1231(b)(3).

The IJ held a hearing on May 13, 2003. Petitioner was the sole witness. At the hearing, petitioner's testimony regarding the dates that he was interrogated differed from the dates that he had initially told the asylum officer. When asked to explain the discrepancy, petitioner testified that at the time of his interview with the asylum officer he was suffering from a headache and was confused because he had not eaten all day. Although his appointment was at 8:30 a.m., the asylum officer did not see him until 2:00 p.m., and the interview lasted for over an hour. He testified that because he did not speak English, he could not ask anyone where he could go for lunch. He also testified that his interpreter and attorney went to lunch together that day, leaving petitioner to his own devices to find food.

In his oral decision, the IJ rejected petitioner's story, reasoning that a person of average intelligence, who was starving on the day of his asylum interview, would have asked his attorney or the interpreter where he could get lunch or would have wandered around the federal building or the neighborhood in search of food. The IJ also reasoned that if such a person had a headache or was confused, he would have asked to reschedule his case. The IJ found that the alleged interrogations of petitioner by the Chinese authorities went to the heart of his asylum application, and that petitioner simply was not a credible witness on the subject. Petitioner's credibility was also called into question because of his

superficial knowledge of Falun Gong and his failure to produce local witnesses or affidavits from people in the United States who belong to the group. Accordingly, the IJ concluded that petitioner did not meet his burden to show he was a refugee and denied the application. The BIA summarily affirmed the IJ's decision without opinion.

When the BIA summarily affirms an order of an IJ, we review the IJ's order as the final agency determination. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). We do not weigh the evidence or evaluate the credibility of witnesses. *Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004). An IJ must give specific, cogent reasons for his credibility determinations. *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004). However, a finding that a witness is not credible is a finding of fact, *see Elzour,* 378 F.3d at 1150, and the "BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003) (quotation omitted). Accordingly, we will not question the BIA's credibility determinations as long as they are substantially reasonable. *Woldemeskel v. INS,* 257 F.3d 1185, 1192 (10th Cir. 2001).

*Asylum*

An asylum application involves a two-step process. First, the applicant has the burden to prove his eligibility for asylum by establishing that he is a refugee as defined in 8 U.S.C. § 1101(a)(42). *See Yuk*, 355 F.3d at 1232. Second, if an applicant establishes refugee status, the Attorney General exercises discretionary judgment in either granting or denying asylum. *Id.* at 1233. An applicant for asylum can establish refugee status in the following ways: (1) he can show that he has a well-founded fear of future persecution, *id.* at 1232; (2) he can demonstrate that he has suffered past persecution, which gives rise to a rebuttable presumption that he has a well-founded fear of future persecution, *see id.*; or (3) he can establish past persecution "so severe that it demonstrates 'compelling reasons for being unwilling to return,'" which is known as humanitarian asylum, *id.* at 1233 (quoting from 8 C.F.R. § 208.13(b)(1)(ii)(2000) (current version at 8 C.F.R. § 208.13(b)(1)(iii)(A))).

In this case, the IJ determined that petitioner did not establish refugee status. We review this determination under a substantial evidence standard. *See Yuk*, 355 F.3d at 1233. We must uphold the IJ's determination that petitioner is not eligible for asylum if the record considered as a whole contains reasonable, substantial, and probative evidence to support that determination. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Reversal is appropriate only if the evidence

presented by the petitioner was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.    *Id.*

Here, the IJ determined as a matter of fact that petitioner was not a credible witness and he provided specific, cogent reasons for his credibility assessment. *Sviridov*, 358 F.3d at 727. In his petition for review, petitioner disagrees with the IJ's credibility determination and maintains that his testimony was truthful. Because we cannot weigh the evidence or evaluate the credibility of witnesses, *Yuk*, 355 F.3d at 1233, we must conclude that the IJ's factual findings with respect to petitioner's credibility are conclusive. Our review of the record does not compel us to hold otherwise.    *Tsevegmid*, 336 F.3d at 1235. Petitioner bore the burden of proof in the removal proceedings and he failed to establish that he is a refugee. He is, therefore, ineligible for asylum.

*Restriction on Removal*

An applicant is entitled to restriction on removal "if he or she can show a 'clear probability of persecution,' which courts have acknowledged is a higher standard than that for asylum."    *Yuk*, 355 F.3d at 1236. Because petitioner failed to meet the lower standard of showing entitlement to asylum, the IJ correctly denied his application for restriction on removal.    *Id.*

*Conclusion*

Because we accept the agency's findings regarding petitioner's credibility as conclusive, 8 U.S.C. §1252(b)(4)(B), we DENY the petition for review.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge