**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KENAREK ALANOUR AGOPIAN,

Petitioner,

v.

ALBERTO R. GONZALES, Attorney General,

Respondent.

No. 05-9525
(No. A79-506-716)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kenarek Alanour Agopian petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of her request for asylum, withholding of removal and relief under the Convention Against Torture. We deny the petition.

Petitioner bears the burden of establishing that she is a refugee, and therefore eligible for asylum, by demonstrating that she suffered past persecution or that she has a well-founded fear of future persecution. *See Castaneda v. INS*, 23 F.3d 1576, 1578 (10th Cir. 1994). The BIA determined that petitioner's testimony lacked sufficient detail to support a finding of past persecution and that she failed to provide reasonably available corroborative evidence. Petitioner spends most of her brief arguing that the IJ erred in the treatment of her case. The BIA issued a substantive decision in this case, therefore, we review the BIA's order, not the IJ's decision. *See generally Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1190 (10th Cir. 2005). Because Petitioner is proceeding pro se, however, we liberally construe her brief. *See Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998). To the extent the BIA agreed with the IJ, we will treat petitioner's assertion that the IJ erred as an assertion that the BIA erred.

"The BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary."

*Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003) (quotations omitted). We will uphold the BIA's asylum determination if the decision is supported by "substantial evidence." *Castaneda*, 23 F.3d at 1578. Further, a recent change in the immigration laws provides that "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Petitioner filed for asylum claiming that she suffered persecution in Armenia because she had been politically active, and had spoken about women's rights and governmental corruption at various demonstrations. The BIA noted petitioner's testimony that "on one occasion in July 1995, police burst into her home and proceeded to arrest her and beat her husband" and "she was detained for three hours, during which time the police slapped her, groped her, and pulled her hair." Admin R. at 2. The BIA explained, however, that "[t]his was the most specific and detailed testimony the respondent offered to support her claim; on the whole, the respondent conveyed her difficulties with the Armenian government in generalities, saying that she was 'constantly investigated' and 'threatened by government entities constantly.'" *Id.* (citations omitted). The BIA indicated that petitioner "did not provide any documentation to support her claim, such as

statements from family members, neighbors, or colleagues at the government-operated hospital where she worked." *Id.* (citations omitted). The BIA then concluded that "because [petitioner's] testimony was generally vague, it was reasonable for the Immigration Judge to expect corroboration and to conclude that [petitioner] failed to meet her burden of proof for establishing past persecution or a well-founded fear of future persecution." *Id.*

Petitioner essentially argues that her testimony should have been sufficient to support her asylum application and that she should not have been required to supply corroborative evidence.[1] Testimony alone may be enough to meet the petitioner's burden of proof without corroboration "where the testimony is believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis" for the claim. *Matter of Dass*, 20 I. & N. Dec. 120, 124 (BIA 1989). When the petitioner's claim is of a more general nature, however, there is a clearer need for the "asylum applicant to introduce supporting evidence or to explain its absence." *Id.* at 125. As the BIA explained, due to the vague and generalized nature of petitioner's claims, it was reasonable for the IJ to expect corroborative evidence. Further, petitioner does not indicate that

---

[1] Petitioner makes a vague and conclusory assertion that the BIA's decision violated her due process rights. *See* Pet. Br. at 5. This argument, however, was not developed or supported by any citations to the record or legal authority. An argument that is inadequately briefed is deemed waived. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

-4-

corroborative evidence was unavailable or offer any explanation for why she could not produce such evidence. There is no basis in the record to reverse the BIA's determination that she failed to provide reasonably available corroborative evidence. Substantial evidence in the record supports the BIA's determination that petitioner has not met her burden of proof for establishing eligibility for asylum.[2]

The petition for review is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2] The BIA also concluded that petitioner was ineligible for withholding of removal and relief under the Convention Against Torture because of the higher standards necessary to establish entitlement to those forms of relief. Petitioner has waived any argument with respect to these claims because she did not raise them in her brief. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002).