[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 30, 2005
THOMAS K. KAHN
CLERK

No. 04-13867

_____

Agency No. A71-603-625

ALEXEY SERYY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 30, 2005)**

Before EDMONDSON, Chief Judge, BARKETT, Circuit Judge, and HUNT[*],
District Judge.

PER CURIAM:

_____

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of
Georgia, sitting by designation.

Alexey Seryy, through counsel, petitions this Court for review of the Board of Immigration Appeal's ("BIA") final order[1] affirming without opinion the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et. seq., and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, 1465 U.N.T.S. 85, 23 I.L.M. 1027.[2]  We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making the IJ's decision the final agency determination.  See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

We review the IJ's factual determinations, including credibility determinations, in an asylum claim under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole unless the evidence

---

[1] Although neither the IJ nor the BIA expressly issued a final order of removal, but merely denied Seryy's claims for relief, we have jurisdiction in this case under 8 U.S.C. § 1252(a)(1) and 8 U.S.C. § 1252(a)(2)(B)(ii).  See Haoud v. Ashcroft, 350 F.3d 201, 205 (1st Cir. 2003) ("This court generally has jurisdiction to review the denial of any asylum request." (citing § 1252(a)(2)(B)(ii))); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1234 (10th Cir. 2003) (same); see also Abdulrahman v. Ashcroft, 330 F.3d 587, 591 (3rd Cir. 2003) ("[A] decision by the Board that an applicant is ineligible for asylum constitutes a 'final order of removal' that may be subject to judicial review under § 1252(a)(1).").

[2] Seryy does not challenge the IJ's denial of CAT relief, and thus abandons the issue.  We therefore will not address the claim.  See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

compels a reasonable fact-finder to find otherwise. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992).  An alien seeking withholding of removal must show that if removed, his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.  <u>See</u> 8 U.S.C. § 1231(b)(3)(A).  As in asylum claims, the IJ's findings of fact are conclusive unless the record demonstrates that "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).

In this case, we cannot conclude that the evidence would compel a reasonable fact-finder to contradict the findings of the IJ resulting in the denial of Seryy's asylum and withholding of removal claims.  Seryy concedes that he provided conflicting testimony full of deliberate fabrications.  He essentially argues that the IJ was *required* to believe his explanation that he lied because he feared that the smugglers who brought him into this country would harm his family. The IJ found Seryy's testimony "unworthy of belief" and that he failed to establish that he harbored a credible fear of persecution if returned to Russia.  The record does not compel reversal of the IJ's determinations.

PETITION DENIED.