**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 4, 2007**

**FOR THE TENTH CIRCUIT**

PARLINDUNGAN ARITONANG;
RONAULI SIMATUPANG,

Petitioners,

v.

No. 06-9551
(Ag. Nos. A97-186-460
and A97-186-461)
(Petition for Review)

ALBERTO R. GONZALES,
Attorney General,

Respondent.

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

In this petition for review, Parlindungan Aritonang and Ronauli

Simatupang, a married couple, challenge the decision of the Board of Immigration

Appeals (BIA) to deny their application for asylum, restriction on removal, and

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

protection under the Convention Against Torture.  We dismiss their claim concerning asylum for lack of jurisdiction and deny the petition for review of the BIA's remaining decisions.

I.

Petitioners are Indonesian citizens and practicing Christians who claim that they will be persecuted on account of their religious beliefs if returned to Indonesia.  Although petitioner Aritonang himself has never been injured, he claims he has been threatened by Muslim extremists, some "carry[ing] signs saying 'Kill the Christians.'"  Aplt. Br. at 2.  He also states that he "survived some near misses" when the extremists threw stones at his church building, shattering glass and causing "head wounds, bruises and other injuries to the church members." *Id.*  Mr. Aritonang  also felt discriminated against in work opportunities.  He believes the situation has worsened since he left Indonesia, as exemplified by the 2002 Bali bombings of locations frequented by foreign tourists.  Petitioner Simatupang, a nurse, treated many Christian victims for injuries inflicted by the extremists and felt traumatized by her experience.

Mr. Aritonang arrived in the United States on a six-month tourist visa in 1994; petitioner Simatupang arrived on a six-month tourist visa in 2000.  Both petitioners overstayed their visas.  The parties married in 2001.

-2-

More than eight years after the expiration of his visa, Mr. Aritonang filed an application for asylum, restriction on removal, and protection under the United Nations Convention Against Torture (CAT) for himself and Ms. Simatupang. The Immigration Judge (IJ) denied the asylum application because it was not filed within the statutory one-year time-limit and Mr. Aritonang did not show changed or extraordinary circumstances excusing the tardiness. Turning to the requested withholding of removal and CAT relief, the IJ recognized that "the situation for Christians in Indonesia is not ideal." Admin. R. at 45. The IJ determined, however, that aspects of Mr. Aritonang's testimony were not credible, that the harm described by petitioners did not rise to the level of persecution, and that background material indicated that conditions were improving for Christians in Indonesia. The IJ therefore denied petitioners' request for withholding of removal and CAT relief. On administrative appeal, the Board of Immigration Appeals adopted and affirmed the IJ's findings and conclusions on the substantive issues.

## II.

Petitioners admit that their asylum application was not "filed within 1 year after the date of [their] arrival in the United States," 8 U.S.C. § 1158(a)(2)(B), but argue that they are entitled to an exception to the time limit based on

"changed circumstances which materially affect [their] eligibility for asylum" and "extraordinary circumstances relating to the delay in filing," *id*. § 1158(a)(2)(D). They ask this court "to consider the facts of their case." Aplt. Br. at 8. The IJ's factual determination related to timeliness is "outside the scope of judicial review." *Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006). Accordingly, we lack jurisdiction to review petitioners' challenge to the denial of asylum.

## III.

We are not, however, precluded from reviewing the denial of restriction on removal or relief under the CAT. *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003), *superseded by statute on related grounds*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, §106(a)(1)(A)(iii), *as recognized in Diallo*, 447 F.3d at 1281. When the BIA summarily affirms an IJ's decision, we review the IJ's decision as the final agency determination. *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). Our review is circumscribed by 8 U.S.C. § 1252(b)(4)(B), which provides "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." We also keep in mind that petitioners bear the burden to prove their claims. 8 U.S.C. §1231(b)(3)(C) (applicable to restriction on removal); 8 C.F.R. § 208.16(c)(2) (applicable to CAT).

Restriction on removal prohibits the removal of "an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . religion."  8 U.S.C. § 1231(b)(3)(A). Petitioners must establish eligibility for the relief by demonstrating that there is a clear probability of persecution if returned to Indonesia.  *Niang v. Gonzales*, 422 F.3d 1187, 1195 (10th Cir. 2005)  "[P]ersecution requires the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and requires more than just restrictions or threats to life and liberty." *Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004) (quotations omitted).

Petitioners argue that the IJ erred in failing to find that their cumulative experiences demonstrate past persecution at the hands of Muslim extremists in Indonesia.  They also assert that the IJ failed to recognize a probability of persecution on their return to Indonesia, since they would be targeted as both Christians and individuals who had lived in the United States.  Our review of the record, however, reveals substantial evidence in the record to support the IJ's finding that petitioners failed to establish either past persecution or a well-founded fear of persecution upon their return to Indonesia.

**Convention Against Torture**

To satisfy requirements under the CAT, petitioners must demonstrate that it is more likely than not that they would be tortured if returned to Indonesia. *See* 8 C.F.R. § 208.16(22)(c)(4). A showing of entitlement to CAT relief includes evidence that the government in the proposed country of removal either inflicts torture or acquiesces in torture against persons similarly situated to petitioners. *See Ferry v. Gonzales*, 457 F.3d 1117, 1130-31 (10th Cir. 2006).

The IJ denied relief based on his finding that petitioners had failed to produce any evidence that the Indonesian government promoted torture or turned a willfully blind eye to torture. Admin. R. at 46. To the contrary, the IJ found "[t]he background material indicate[s] that the government is officially committed to the protection of Christians in Indonesia." *Id.* Substantial evidence supports the IJ's CAT decision.

IV.

The petition for review as to the asylum claim is DISMISSED for lack of jurisdiction. As to the withholding of removal claims under the INA and the CAT, the petition is DENIED.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-6-