**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**July 26, 2007**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEDY SIMBOLON;
LUKINER NAPITUPULU,

Petitioners,

v.

ALBERTO R. GONZALES,
United States Attorney General,

Respondent.

No. 06-9579
(Nos. A 97-190-912 &
A 97-190-913)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **MURPHY**, and **HOLMES**, Circuit Judges.

Dedy Simbolon, as lead petitioner (petitioner), together with his wife,

Lukiner Napitupulu, seeks review of a final order of removal issued by the Board

of Immigration Appeals (BIA) affirming the denial of his applications for

withholding of removal under the Immigration and Nationality Act and protection

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under the United Nations Convention Against Torture (CAT). Our jurisdiction arises under 8 U.S.C. § 1252(a), *Tsevegmid v. Ashcroft,* 336 F.3d 1231, 1235 (10th Cir. 2003), and we affirm.

Petitioner, who admits removability, argued to the Immigration Judge (IJ) that, as an Indonesian Christian, he has faced persecution in his homeland and should be granted relief.[1] The IJ denied withholding of removal and relief under the CAT, finding that petitioner had failed to show that he would face a likelihood of persecution or torture should he return to Indonesia. Admin. R. at 58-59. Petitioner appealed to the BIA which adopted and affirmed the IJ's disposition in a brief written opinion. We thus review the BIA's decision, consulting the IJ's explanation if necessary. *See, e.g.*, *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).

On appeal, we review the agency's legal decisions de novo, *Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 884 (10th Cir. 2005), and the factual determination of whether petitioner has demonstrated past persecution or a well-founded fear of future persecution for substantial evidence, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). In order for petitioner to prevail, this court must be convinced that "the evidence not only *supports* [reversal] but *compels* it." *Elias-Zacarias*, 502 U.S. at 481 n.1.

---

[1] Petitioner's asylum application was denied as untimely, a decision not challenged in the instant petition and one beyond our review. *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1234-35 (10th Cir. 2003).

Petitioner makes two arguments. First, he argues that the IJ failed to determine whether he suffered past persecution, and whether internal relocation to another part of Indonesia was possible, thus rendering erroneous the BIA's subsequent affirmance of these grounds. Second, petitioner contends that he was the victim of past persecution and that both he and his wife are thus eligible for withholding of removal or, alternatively, that they should be granted relief pursuant to the CAT. We conclude that petitioner forfeited the first argument by not presenting it to the BIA and that petitioner's second argument is legally inadequate to justify the requested relief.

In order to preserve issues for review by this court, petitioner was required to raise his contentions to the BIA or risk having them dismissed for lack of jurisdiction based on a failure to exhaust administrative remedies. *See Nguyen v. INS*, 991 F.2d 621, 623 n.3 (10th Cir. 1993). Because petitioner failed to raise the issues reflected in his first argument before the BIA, he is barred from raising them here.

Petitioner's "appellate brief" to the BIA consists of only two pages of general allegations and is virtually devoid of any factual references to petitioner's case. Admin. R. at 20-21.[2] Before the BIA, petitioner argued that 1) the IJ's

_____

[2]     Based on the record, petitioner did not submit a separate appellate brief to the BIA. We conclude, as did Respondent, that the "Reasons for Appeal" attached to his notice of appeal constitutes petitioner's BIA appellate brief. *See* Br. for Resp't at 20 (citing petitioner's notice of appeal in reference to the

(continued...)

denial of his applications was clearly erroneous; 2) his testimony should have been given great weight; 3) the IJ failed to adequately consider the record; 4) petitioner had proven past persecution or, in the alternative, future persecution; and 5) the IJ's errors were cumulative. *Id.* Nowhere in his "brief" did petitioner challenge the IJ's purported failure to make determinations regarding past persecution or relocation. Petitioner, citing *Dulane v. INS*, 46 F.3d 988 (10th Cir. 1995), argues that, because the BIA addressed the past persecution issue as well as the relocation issue, this court has jurisdiction to review those arguments. We disagree.

As a general matter, this court will not entertain arguments that have not been presented to and ruled upon by the BIA. *Dulane*, 46 F.3d at 996. In *Dulane*, we allowed the petitioner to specifically argue on appeal that he was entitled to asylum because both the IJ and the BIA had ruled on that precise form of relief. At issue was not whether *particular arguments* in support of that form of relief had been exhausted. Accordingly, we viewed it as being significant – and indeed dispositive – that the BIA had taken the initiative and ruled on the form of relief (*i.e.*, asylum) that the petitioner allegedly forfeited by not raising it in his motion to reopen.

---

[2](...continued)
arguments presented by petitioner to the BIA).

In contrast, petitioner's arguments are at issue here; there is no dispute regarding the nature of the requested relief. We must determine whether those arguments have been administratively exhausted. Petitioner advances a new argument in this court for reversal that is premised upon the IJ's alleged failure to make determinations regarding past persecution and relocation. This argument was neither raised before the BIA nor ruled on by it. Accordingly, this argument is forfeited on appeal. *Nguyen*, 991 F.2d at 623 n.3.

As for Petitioner's second argument regarding alleged past persecution, in order to merit withholding of removal, an applicant must demonstrate that he faces "the clear probability of persecution" because of his "race, religion, nationality, membership in a particular social group, or political opinion" should he be returned to a specified country outside of the United States. *Tsevegmid,* 336 F.3d at 1235; 8 C.F.R. § 1208.16(b). If an applicant can demonstrate that he has suffered past persecution, a rebuttable presumption of future persecution arises. The respondent can rebut this presumption by showing either that circumstances in the proposed country of removal have fundamentally changed, *see id.* § 1208.16(b)(1)(A), or that relocation to another part of the proposed country would be reasonable, *see id.* § 1208.16(b)(1)(B).

In order to establish past persecution, the complained-of actions must be extreme. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("Persecution is defined as an extreme concept that does not include every sort of

treatment that our society regards as offensive" (internal quotation marks omitted)). The treatment must go beyond mere harassment, acts of personal hostility, or criminal behavior. *See Vatulev v. Ashcroft*, 354 F.3d 1207, 1209-10 (10th Cir. 2003) (noting that "[t]hreats alone generally do not constitute actual persecution," and that "ethnic slurs and petty vandalism," although "odius," fell "far short" of evidence that would compel a finding of persecution); *Tamas-Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir. 2000) (noting that "actions must rise above the level of mere harassment to constitute persecution" (internal quotation marks omitted)).

As evidence to support his claim of past persecution, petitioner asserts that, on more than one occasion, Muslims threw rocks at his church while services were in progress; that the congregation eventually was forced to meet in private homes; that another Christian church in the area was attacked causing personal injury and loss of life; and that his business had been attacked.[3] Petitioner speculated that Muslims were responsible for the attacks. Admin. R. at 77-83.

The IJ concluded that petitioner had failed to show a religious motive for the attack on his business, and that, while there continue to be outbreaks of

---

[3] The attack on petitioner's business occurred outside of business hours. Petitioner did not know who wrecked his store other than to identify them as "those young people," and did not enter the business to assess the damage or to determine whether robbery may have been the motive for the attack. Admin. R. 80-83, 96.

violence among Christians and Muslims in Indonesia, petitioner had failed to show that the "lack of complete protection [by the Indonesian government for Christians and their churches] would expose him to a likelihood of persecution or torture upon return to Indonesia." Admin. R. at 58. As mentioned above, the BIA affirmed these conclusions.

We conclude that petitioner's evidence does not rise to the level required for a showing of persecution but rather is an example of discrimination on the basis of religion and thus is insufficient to establish entitlement to relief. *See Korablina*, 158 F.3d at 1044. Substantial evidence in the record supports the BIA's withholding-of-removal determination.[4]

In order to satisfy the CAT's requirements, petitioner must establish that it is more likely than not that he would be tortured if returned to Indonesia. *See Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006); 8 C.F.R. § 1208.16(c)(4). A claim of probable torture under the CAT is limited to "pain or suffering [] inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Ferry*, 457 F.3d at 1130 (quoting 8 C.F.R. § 1208.18(a)(1) (emphasis omitted)). There is no evidence in the record that petitioner has ever been harmed by the

---

[4] Because petitioner failed to establish past persecution, it was unnecessary for the BIA to discuss the possibility of relocation. Relocation is only an issue after a petitioner establishes past persecution and is then the beneficiary of the rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1)(B).

Indonesian government or that it is more likely than not that torture bearing the necessary nexus to persons acting in an official capacity would occur if he were returned to Indonesia. The BIA's decision as to the unavailability of CAT relief is supported by substantial evidence in the record.

The petition for review is **DENIED**.

Entered for the Court


Jerome A. Holmes
Circuit Judge