**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FIDEL GUERRERO-HERNANDEZ,

Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

Respondent.

No. 07-9584
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Fidel Guerrero-Hernandez petitions for review of a final order of removal

denying his applications for asylum, restriction on removal, and protection under

the Convention Against Torture (CAT).  We lack jurisdiction over Mr. Guerrero's

asylum claim and dismiss the petition as to that point.  On his remaining claims,

we exercise jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Guerrero, a native and citizen of Mexico, entered the United States without inspection in August or September 1996. After his illegal status was discovered during a 2002 raid at his former employer's job-site, he was placed in removal proceedings. In 2005, he filed an application for asylum, withholding of removal, and relief under the CAT. An Immigration Judge (IJ) held a hearing at which Mr. Guerrero testified about his experiences in Mexico.

Mr. Guerrero related that he had been appointed in 1994 by the National Action Party (PAN) as a poll-watcher in his home state of Hidalgo, which is generally controlled by the opposing Institutional Revolutionary Party (PRI). Toward the end of election day, he saw a Mr. Franco and other assumed PRI supporters stuffing a ballot box with extra slips of paper. Aware that Mr. Guerrero had noticed him, Mr. Franco showed Mr. Guerrero a gun and warned him not to say anything about the ballot stuffing. Mr. Guerrero, however, reported the incident to election authorities the next day.

In the days following the election, according to Mr. Guerrero, he received death threats by telephone and in his mailbox. His car was run off the road and he was attacked by three men who beat him and told him that he would be killed if he did not withdraw his election complaint. Mr. Guerrero reported these problems to the police, moved his residence, and changed jobs. Nevertheless, he

continued to receive telephone calls threatening his own life and the lives of his wife and two children.

In 1996, Mr. Guerrero left Mexico and entered the United States without authorization. His family moved to another home in Mexico, where they did not receive any further threats. The family joined him in the United States (also without authorization) in 1998.

Mr. Guerrero stated that he did not request asylum before 2005 because he was unfamiliar with United States immigration laws. By the time of his hearing before the IJ, Vincente Fox, a PAN member, had been elected president and the PAN party controlled the federal government of Mexico. Mr. Guerrero testified, however, that he remained afraid of returning to Mexico: the state of Hildago was still controlled by the PRI, corruption was rampant, and there were many unsolved murders.

At the conclusion of the hearing, the IJ found that Mr. Guerrero's testimony was not credible and, in any event, Mr. Guerrero had failed to show entitlement to any relief from removal. The IJ noted that Mr. Guerrero's asylum application was not filed within the one-year statutory limit, *see* 8 U.S.C. § 1158(a)(2)(B), and determined that there was no showing of the extraordinary circumstances or changed circumstances necessary to qualify for an exception to the deadline, *see id.* § 1158(a)(2)(D). Further, the IJ found that Mr. Guerrero had not demonstrated a probability of persecution on his return to Mexico based in his political opinion.

The IJ's final determination was that any potential danger to Mr. Guerrero on a return to Mexico was diminished by changed political circumstances in that country, particularly if he moved to a state that was not controlled by the PRI. The IJ therefore denied all relief.

On appeal, the BIA issued a short single-member order. It expressly declined to adopt the IJ's adverse credibility finding, but it agreed with the IJ's findings on untimeliness, lack of a showing of past persecution or a clear probability of persecution, and the feasibility of internal relocation in Mexico. The BIA affirmed the IJ's decision.

## II.  DISCUSSION

Mr. Guerrero applied for asylum approximately eight years after expiration of the statutory one-year limit. The BIA affirmed the IJ's determination that Mr. Guerrero had demonstrated no extraordinary circumstances to excuse the filing delay. This court generally lacks jurisdiction to review an asylum claim denied for being untimely. 8 U.S.C. § 1158(a)(3); *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006)). Mr. Guerrero does not present any constitutional claims or questions of law that this court otherwise would have jurisdiction to review. *See* 8 U.S.C. § 1252(a)(2)(D); *Ferry*, 457 F.3d at 1130. Therefore, we do not have jurisdiction to review the denial of asylum and we dismiss this portion of the petition for lack of jurisdiction.

We retain jurisdiction, however, to review the denial of restriction on removal and protection under the CAT. *See Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003). We review the BIA's order rather than the decision of the IJ, but we "are not precluded from consulting the IJ's more complete explanation of those same grounds." *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006). We review the BIA's decision for substantial evidence, meaning that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Sidabutar v. Gonzales,* 503 F.3d 1116, 1123 (10th Cir. 2007) (quotation omitted). The agency's "findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quotation omitted).

To support his restriction on removal claim, Mr. Guerrero was required to demonstrate that "his life or freedom would be threatened" upon his return to Mexico, due to his political opinion and involvement with the PAN party. 8 U.S.C. § 1231(b)(3)(A). This obligation is satisfied with a showing that petitioner experienced past persecution or that it is more likely than not that he would be persecuted in the future. *See* 8 C.F.R. § 1208.16(b)(1)-(2); *Sidabutar*, 503 F.3d at 1123-24.

"Persecution . . . requires more than just restrictions or threats to life and liberty." *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005)

-5-

(quotation omitted). It is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) (quotation omitted). The events experienced by Mr. Guerrero in the wake of the 1994 Hidalgo election are certainly worrisome, but we cannot conclude that every reasonable fact-finder would be compelled to find that they rise to the level of persecution.

Moreover, restriction on removal is not available to an applicant who has made no showing of past persecution if the IJ "finds that the applicant could avoid . . . future [persecution] . . . by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. § 1208.16(b)(2). Mr. Guerrero offers no argument against the agency's determination that he could relocate to somewhere in Mexico that is not under PRI control. In light of the applicable standard of review, we will not disturb the agency's decision on restriction of removal.

Mr. Guerrero's remaining avenue of relief involves protection under the CAT. The CAT does not require an alien to show mistreatment based on any particular statutory ground, but mandates that he "demonstrate that it is more likely than not that he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Sidabutar,* 503 F.3d at 1125-26 (quotation omitted). Since Mr. Guerrero failed to show a likelihood that he would be persecuted upon removal, it follows that it is "against the odds that

he would be tortured by the government or a proxy for the government." *Id.* at 1126. We determine that the agency's rejection of the CAT claim is supported by substantial evidence and we affirm.

The petition for review is DISMISSED in part and DENIED in part.


Entered for the Court


John C. Porfilio
Circuit Judge